■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERT COLLAZO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 1, 1978, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence. Judgment affirmed. Upon reviewing the record, we have reached the conclusion that the evidence of defendant's guilt was sufficient to sustain his conviction of burglary in the third degree (see *People v Castillo,* 47 NY2d 270; *People v Terry,* 43 AD2d 875; see, also, *People v Mackey,* 49 NY2d 274; cf. *People v Torres,* 56 AD2d 640). In addition, although we are cognizant of the holding in *Sandstrom v Montana* (442 US 510), it is our belief that any error which may have been committed by the trial court during its charge to the jury on presumed intent was harmless beyond a reasonable doubt (see *People v Fournier,* 70 AD2d 491; see, also, *People v Reyes,* 71 AD2d 1034; cf. *People v Thomas,* 71 AD2d 280). We have considered defendant's remaining contentions and find them to be without merit. Titone, J. P., Gulotta, Margett and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MORRIS FEUERSTEIN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered June 24, 1977, convicting him of arson in the third degree, upon a jury verdict, and imposing sentence. Judgment affirmed. The case is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (subd 5). On May 28, 1976, at approximately 9:15 P.M., a fire occurred at Jen-West Bootery, a shoe store owned by the defendant in Jackson Heights, Queens. Neighboring stores were also engulfed by the fire. After investigation of the occurrence, the People concluded that arson was involved. In an indictment filed August 16, 1976, defendant was charged with arson in the third degree. The trial evidence showed that at 9:00 P.M. on the day of the fire, defendant's employee closed the Bootery and left the premises, but that contrary to the usual practice of the defendant, the latter remained in the store. A few minutes later defendant was observed in the back of the store throwing cartons. Expert testimony presented by the People supported the view that the fire had its source in the Bootery, that there may have been an accelerant used, and that the fire was of incendiary origin. Further testimony was presented that at the time of the fire defendant owed $1,403.35 for rent and taxes; that defendant had stated that business was bad; that the Bootery was insured for a total of $87,000; and that after the fire defendant made a claim for the full policy limits. The defense acknowledged that prior to the fire the defendant wanted to sell the store. Defendant contends, *inter alia,* that his guilt was not proven beyond a reasonable doubt. We disagree. The evidence convincingly established motive and opportunity to commit the crime and excluded any reasonable hypothesis that the fire was innocent in nature (cf. *People v Reade,* 13 NY2d 42, 46; *People v Sibblies,* 63 AD2d 934). The evidence excluded to a moral certainty every other hypothesis except that of the defendant's guilt. We have examined defendant's other contentions and find them to be without merit. Mollen, P. J., Damiani, Mangano and Martuscello, JJ., concur.