■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN DON-NELLY, RICHARD PAYNE, JAMES BLACKWELL and JOSEPH BALD, Appellants. — Appeals by defendants from four judgments (one as to each of them) of the

Supreme Court, Queens County (Leahy, J.), all rendered February 10, 1981, convicting them of arson in the second degree and conspiracy in the fourth degree, upon a jury verdict, and imposing sentences. Judgment with respect to Joseph Bald, modified, on the law, by vacating the sentence and defendant's adjudication as a second felony offender. As so modified, judgment as to defendant Bald affirmed and case remitted to Criminal Term for resentencing. Judgments with respect to defendants Alvin Donnelly, Richard Payne and James Blackwell affirmed. The cases are remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (subd 5). Defendants stand convicted of arson in the second degree, committed on March 7, 1979, and conspiracy to commit arson in the second degree, at a multiple dwelling at 750 Empire Avenue in Far Rockaway. From the facts adduced at trial it is clear that the People established that defendants had the motive, intent and opportunity to commit the crime (see *People v Feuerstein,* 74 AD2d 853), and, in our view, proved their case by legally sufficient evidence. At the trial, the prosecutor, in his opening, referred to the expected testimony of Louisa Gomez, who had testified against defendants before the Grand Jury and received full transactional immunity. On the day she was called to testify, she conferred with her attorney and he informed the prosecutor, "I don't know what she is going to do. She is either going to answer you or refuse to answer, and then she will be held in contempt." Ms. Gomez informed her attorney that she would defer making a decision on whether to testify until she actually took the stand. When she was called to the stand she declared in the presence of the jury, "I refuse to testify." Shortly thereafter, the trial court instructed the jury that the only evidence in the case was the testimony they heard in the courtroom and other exhibits admitted into evidence. The jury was directed not to speculate as to the reasons why Ms. Gomez did not testify. In his summation, however, defendant Payne's counsel referred to this "female connection" in the case, and to the old adage, "hell hath no fury like a woman scorned." Counsel further noted that "what the prosecutor says is the evidence" is not the evidence. Thereafter, the trial court, in its charge, instructed the jury that the fact that Ms. Gomez was called as a witness and then was withdrawn as a witness was not evidence in this case, and should not be discussed during deliberations. In view of Ms. Gomez' highly equivocal stance right up until the time she took the witness stand, it cannot be said that the prosecutor acted in bad faith when he referred to her in his opening statement and outlined what he expected her testimony to be. In any event, any prejudice to defendants was averted by prompt, clear instructions from the trial court (see *People v De Tore,* 34 NY2d 199, 207, cert den *sub nom. Wedra v New York,* 419 US 1025). Further, since the point was made (in summation) that Ms. Gomez may have framed defendants because "hell hath no fury like a woman scorned", defendants cannot claim undue prejudice. We have considered defendants' remaining contentions and find that none of those points warrants reversal. Defendant Joseph Bald was, however, improperly adjudicated a second felony offender based upon his prior conviction, in the United States District Court for the Southern District of New York, of violating section 371 of title 18 of the United States Code, which is defined as conspiracy "either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose". Pursuant to section 70.06 (subd 1, par [b]) of the Penal Law, the predicate felony must be cognizable as a felony under State law. Conspiracy under State law is a felony only if the substantive crime is a class A, B or C felony (Penal Law, §§ 105.10, 105.15). Since the underlying substantive crime involved in the Federal prosecution would not constitute a class A, B, or C felony in New York, that prior

conviction cannot be considered a predicate felony (see *People v Manino,* 81 AD2d 896; *People v Brooks,* 73 AD2d 564). Accordingly, defendant Bald's adjudication as a second felony offender must be vacated and the matter remitted for resentencing. Mollen, P. J., Mangano, Brown and Rubin, JJ., concur.