■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY LANDERS, Appellant. — Judgment unanimously affirmed. Memorandum: On appeal from a judgment of conviction for arson in the third degree (Penal Law, § 150.10) following a nonjury trial, defendant contends that the evidence was legally insufficient to sustain the verdict and that the trial court erred in not treating a key prosecution witness as an accomplice. We disagree.

The evidence, viewed in a light most favorable to the People (*People v Kennedy*, 47 NY2d 196, 203), established that defendant had a motive and an opportunity to set the fire. Defendant previously owned the property which was damaged by the fire and believed that the present owner to whom he sold the property did not pay him enough money for it. The evidence established that he had his sister-in-law drive him to within one-half mile to a mile from the property and told her to keep the engine running; he returned in 10-15 minutes breathing hard and said "let's get out of here"; he took the wheel and drove away at a fast rate of speed. Moreover, expert testimony excluded natural causes of the fire and established from the location and intensity of the fire that at least five pounds of an accelerant was used. Considering all the facts and circumstances, the evidence established defendant's guilt beyond a reasonable doubt and excluded to a moral certainty every reasonable hypothesis of

defendant's innocence (see *People v Hoppe,* 89 AD2d 670; *People v Anderson,* 80 AD2d 33; *People v Feuerstein,* 74 AD2d 853; cf. *People v Piazza,* 48 NY2d 151).

The court properly denied defendant's application to treat a key prosecution witness as an accomplice. The fact that the witness accompanied defendant to within one-half mile to a mile of the subject property is insufficient to make her an accomplice (see *People v Santana,* 82 AD2d 784, affd 55 NY2d 673). There was no evidence that the witness knew of defendant's intent or shared in it (CPL 60.22, subd 2, par [a]; see, also, *People v Scalise,* 70 AD2d 346, 348-349). (Appeal from judgment of Yates County Court, Dugan, J. — arson, third degree.) Present — Hancock, Jr., J. P., Denman, Boomer, Green and O'Donnell, JJ.