■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH MANN and DAVID WEISER, Appellants.—Appeal by the defendants from two judgments (one as to each of them) of the Supreme Court, Kings County (Feldman, J.), both rendered January 23, 1985, convicting each of them of arson in the second degree and reckless endangerment in the first degree (two counts), upon jury verdicts, and imposing sentences.

Ordered that the judgments are affirmed, and the cases are remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

In assessing the legal sufficiency of the evidence, which in this case was wholly circumstantial, we must view the evidence in a light most favorable to the prosecution, giving it the benefit of every reasonable inference to be drawn therefrom, and we must then determine whether the jury's conclusion that the defendants' guilt was proven to a moral certainty can be sustained *(People v Betancourt,* 68 NY2d 707; *People v Marin,* 65 NY2d 741; *People v Giuliano,* 65 NY2d 766, 768). Applying this standard, we conclude that the jury's verdicts were supported by legally sufficient evidence.

The conclusion that the defendants committed arson flows chiefly from proof that the fire which occurred at 1032 Nostrand Avenue was intentionally set, and that no person other than the defendants could possibly have set it. Specifically, viewed in a light most favorable to the People, the evidence establishes that the fire was set with either combustible materials or combustible liquid in as many as two locations on the first floor of the interior of 1032 Nostrand Avenue, and one location in its basement. The evidence also proves that a gas leak had been deliberately started in the interior of the building, and that an explosion occurred at approximately 7:52 P.M. on April 29, 1982. There is no doubt but that the fire and the subsequent explosion were the result of arson.

The evidence also establishes, beyond a reasonable doubt, that this arson was committed by the defendants, acting in concert. Under no view of the evidence could any third person have been responsible. The evidence clearly shows that there was only one means by which to enter or leave the interior of 1032 Nostrand Avenue, i.e., through the front door. Various

witnesses testified that they saw the defendant Weiser working on a heater in the building prior to the explosion, and that the defendant Weiser left the building with the defendant Mann at 7:35 P.M. At that time, approximately 15 minutes before the explosion, Mann locked the security gates on the main entrance and departed. According to one expert witness, it would have taken 20 minutes or less for enough gas to accumulate so as to result in an explosion.

The prosecution's witnesses, who were engaged in the picketing of the store operated at 1032 Nostrand Avenue, did not testify that anyone else entered or left the store after Mann had locked it up. It was impossible, based on the evidence in this record, for anyone else to have entered the store prior to the explosion. The defendants argue vigorously that an unknown person could have entered the basement of the store from the basement of an adjoining store, and then started the fire by breaking through the ceiling. This argument proceeds on the premise that Mr. Weiser accidentally caused the gas leak, and that an unknown arsonist fortuitously chose this opportune moment to start a fire by the unusually cumbersome method of igniting materials on the first floor from the basement, rather than by just igniting materials in the basement. This scenario is so inherently unlikely that the jury would be entitled to reject it.

Based on the foregoing alone, the defendants' guilt was proved to a moral certainty. The People adduced further evidence, however, including evidence of motive, and evidence that the defendant Weiser had obliquely threatened to destroy the building. We therefore conclude that the verdict is supported by legally sufficient evidence.

The defendants raise a number of additional points on appeal. Among these is the argument that a new trial is necessary because of juror misconduct. Prior to sentencing, the defendant Mann made a motion pursuant to CPL 330.30 (2) to set aside the verdict on the grounds of juror misconduct. At the hearing subsequently held in connection with this motion, it was established that one juror was familiar with the neighborhood in which the arson occurred. The juror did not realize that he was familiar with the area until the trial had commenced. The subway stop through which he regularly traveled during the progress of the trial was located near the building in question.

The defendants now maintain that, by making casual extrajudicial observations of the scene of the crime, this juror

became an unsworn witness against the defendants in violation of their Sixth Amendment right to be confronted with the witnesses against them *(see, People v Crimmins,* 26 NY2d 319; *People v De Lucia,* 20 NY2d 275). We disagree. It is clear that in both the *Crimmins* and the *De Lucia* cases the jurors who made unauthorized visits to the scene of the crime did so as part of a deliberate attempt to more easily understand the evidence, or to verify the reliability of prosecution witnesses *(see, People v Brown,* 48 NY2d 388, 393-394). In this case, the juror who viewed the scene of the crime did so because he coincidentally happened to pass by it on his way to and from his home. His viewing of the scene was not part of an effort to add to or clarify the evidence presented at trial. The record establishes categorically that his casual observations of the scene had no effect on his deliberations. Thus, this juror committed no misconduct in this regard, and the rule of *People v Crimmins (supra)* and *People v De Lucia (supra)* is not applicable.

The evidence presented at the posttrial hearing also shows that this juror made notes during trial, although the content of those notes is not clear. The court never authorized the jurors to take notes, and never, as is necessary under such circumstances, issued cautionary instructions *(see, People v DiLuca,* 85 AD2d 439; *People v Tempera,* 94 AD2d 748, 750-751). Again, however, the juror committed no deliberate misconduct. The evidence at the hearing, although somewhat contradictory in this regard, was such that the trial court could properly have found that the juror in question did not use those notes in any significant way during deliberations, so that no prejudice resulted to the defendant *(cf. People v Testa,* 61 NY2d 1008; *People v Costello,* 104 AD2d 947; *People v Sims,* 110 AD2d 214).

For the foregoing reasons, the court properly denied the motion to set aside the verdict as to the defendant Mann.

The defendants also argue that certain exculpatory material was withheld by the prosecutor in violation of the rule of *Brady v Maryland* (373 US 83). We find, however, that reversal is not warranted on this basis. The heater on which Weiser was seen working prior to the explosion was apparently taken and disposed of by the Brooklyn Union Gas Company. The People cannot be held responsible for this. Further, certain allegedly exculpatory matter was turned over to the defendants at an early point during this long trial. Finally, we have examined the District Attorney's file relating

to the fire which occurred at 1028 Nostrand Avenue, and find that there is nothing exculpatory contained therein.

The remainder of the defendants' contentions have been examined, and, to the extent they were preserved for our review, we have considered them and found them to be without merit. Brown, J. P., Rubin, Lawrence and Kooper, JJ., concur.