■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

DANIEL J. HAMILTON, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Tompkins County (Barrett, J.), rendered December 17, 1985, upon a verdict convicting defendant of the crime of arson in the second degree.

The prime issue to be resolved on this appeal from defendant's conviction of arson in the second degree is whether defendant's guilt was established beyond a reasonable doubt. In our view it was not. Viewing the evidence in a light most favorable to the People, the proof was insufficient to establish defendant's presence at the scene of the fire when it started or his possession of an accelerant on the day of the fire. The judgment of conviction must therefore be reversed and the indictment dismissed.

Defendant and his wife, Jeanne Hamilton (hereinafter Hamilton) were married on November 5, 1983, but had a stormy marriage and had lived together for only about five weeks prior to the alleged arson of December 4, 1984. On that date Hamilton was staying at her mother's home at 207 Cascadilla Street in the City of Ithaca. Immediately prior to December 4, Hamilton had apparently stayed for a few days with defendant at his apartment at 445 Tioga Street in Ithaca. Defendant also shared his apartment with a roommate, Christopher Tudi.

At about 1:00 A.M. on December 4, 1984, after having an argument with defendant, Hamilton left defendant's apartment and ran approximately 2½ blocks to her mother's house. She testified that it only took her a few minutes to cover this distance. At about 1:00 A.M. that same night, defendant called the police alleging that Jeanne had taken $20 from him and asking that she be arrested. Thereafter, he encountered a police officer and when advised that the police could do nothing about his claim, defendant became agitated and threatened to "go back to the house and raise hell and tear the place apart". The police officer advised defendant he would go to 207 Cascadilla Street and talk to his wife.

The officer went to the house at 207 Cascadilla Street but was not admitted. Defendant also showed up at the house and continued to act in a loud and angry manner. By about 1:20 A.M. the police left to answer another call and defendant left and went to his apartment. Hamilton testified at trial that while sitting on a couch at her mother's house shortly thereafter, she heard a thump on the porch and saw the porch on fire. She then got everyone out of the house, looked at the fire for a while and went to a neighbor's house to call the fire department.

Defendant was eventually charged with arson in the second degree and convicted after trial. Expert testimony was presented as to where the fire originated and whether an accelerant was present. Defendant did not testify at the trial. There was evidence of other threats made by defendant against his wife. Defendant received an indeterminate sentence of 6 to 12 years' imprisonment. This appeal followed.

"The well-settled standard of proof in circumstantial evidence cases is that the facts from which the inference of defendant's guilt is drawn must be inconsistent with the defendant's innocence and must exclude to a moral certainty every other reasonable hypothesis" *(People v Marin,* 65 NY2d 741, 742). Further, the evidence must be viewed in the light most favorable to the prosecution giving it the benefit of every reasonable inference to be drawn therefrom *(supra)*.

In the case at bar the theory of the prosecution was that an accelerant was employed to start the fire. However, there was a lack of credible evidence indicating defendant had possession of or access to an accelerant on the night of the fire. An empty gasoline can and a kerosene lantern were found on the property by a fire investigator. However, the investigator testified that the gasoline can did not have any odor and that the cap was on the kerosene lantern's fuel tank when found. Such evidence does not support the inference that defendant had possession of an accelerant at the time in question *(supra, at 743)*.

There was also insufficient direct or circumstantial evidence of defendant's presence at the scene at the time the fire started at about 2:00 A.M. The evidence revealed that defendant had been at 207 Cascadilla Street before the fire, but had left at about 1:20 A.M. Hamilton testified that her uncle saw defendant at the fire scene after they left the burning house, but her uncle did not testify and she and her sister admitted that they did not see defendant until after they had watched the fire for a while and had called the fire department from a neighbor's house. A witness testified that he saw defendant running from the direction of the fire at about 2:00 A.M. at least a block away from the scene of the fire. The first report of the fire was received by the Ithaca Fire Department at 2:04 A.M.

In addition, the prosecution introduced false or inaccurate statements made by defendant to the police after the fire in which defendant denied he had been at the house earlier that night and which were otherwise inconsistent. However, these

statements were not inconsistent with his innocence to a moral certainty *(see, supra,* at 745-746).

The prosecution also introduced evidence that defendant had made threats of violence against the house both on the night of the fire and prior to the fire. However, the Court of Appeals has noted in an arson case that although "evidence of a possible motive cannot be ignored in examining the evidence in the light most favorable to the prosecution, it does not establish any element of the crime, and cannot take the place of proof of the accused's actual commission of the crime" *(supra,* at 745). Thus, in the case at bar, absent sufficient circumstantial or direct evidence to show that defendant committed the arson, the evidence of motive does not provide proof that defendant was guilty of arson.

In view of our reversal of this case for insufficiency of proof and dismissal of the indictment, we find it unnecessary to discuss defendant's other claims of error.

Judgment reversed, on the law and the facts, and indictment dismissed. Kane, J. P., Casey, Mikoll, Levine and Harvey, JJ., concur.