■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v VINCENZO ZURZOLO, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County (Owens, J.), entered February 11, 1986, which granted the defendant's motion to set aside a jury verdict finding him guilty of arson in the third degree, insurance fraud in the first degree, and grand larceny in the second degree.

Ordered that the order is affirmed.

The charges herein stem from the discovery at about midnight on May 15, 1983, of a fire at a restaurant operated by the defendant on Coney Island Avenue, Brooklyn. Expert testimony established that the fire was intentionally started with the use of an accelerant. An employee of the restaurant testified that he left the defendant at the restaurant at 11:00 P.M. and during the investigation of the fire, the defendant told a fire marshal that he closed up the restaurant at 11:15 P.M. There was also additional evidence that at least two other persons had access to a key to the restaurant. However, it was the prosecution's contention that defendant was the only person who had an apparent motive to commit the arson. In support of this contention, the prosecution adduced evidence that three years prior to the fire the defendant's business was floundering and that a year prior to the fire he had expressed a desire to be released from the lease under which the premises was rented. However, there was no indication when the lease expired or that the defendant sought to be relieved of his obligations thereunder.

The pivotal issue on this appeal is whether this circumstantial evidence established that the defendant intentionally set fire to the restaurant. We find that it does not and that the trial court properly set aside the jury's verdict of guilty.

In assessing the legal sufficiency of circumstantial evidence, we must view the evidence in a light most favorable to the prosecution, giving it the benefit of every reasonable inference to be drawn therefrom, and we must then determine whether the facts from which the inference of the defendant's guilt is drawn are inconsistent with his innocence and exclude to a moral certainty every other reasonable hypothesis *(see, People v Betancourt,* 68 NY2d 707; *People v . Marin,* 65 NY2d 741;

*People v Mann,* 125 AD2d 711, *lv denied* 69 NY2d 748, *on reconsideration lv denied* 69 NY2d 952).

In this case, the People did not establish when the fire had started and there was a one-hour hiatus between the time when the People established the defendant's presence at the restaurant and the time when the fire department responded to the alarm. Given these facts, as well as the fact that the defendant was not the only person with access to keys to the restaurant, it cannot be concluded that the defendant had the exclusive opportunity to start the fire *(cf., People v Mann,* 125 AD2d 711, *supra; People v Feuerstein,* 74 AD2d 853). Furthermore, there was no evidence which connected the defendant with the accelerant used to start the fire *(see, People v Hamilton,* 129 AD2d 859; *People v Marin,* 102 AD2d 14, *affd* 65 NY2d 741, *supra).*

Under these circumstances we find that the facts adduced to establish the elements of the crime were not inconsistent with the defendant's innocence. This conclusion is not negated by the fact that the prosecution adduced additional evidence to show that the defendant had a possible motive to start the fire. Although "evidence of a possible motive cannot be ignored in examining the evidence in the light most favorable to the prosecution, it does not establish any element of the crime, and cannot take the place of proof of the accused's actual commission of the crime" *(People v Marin, supra,* at 745). Thompson, J. P., Brown and Sullivan, JJ., concur.

Weinstein, J., dissents and votes to reverse the order appealed from, reinstate the jury verdict and remit the matter to the Supreme Court, Kings County, for the imposition of the sentence, with the following memorandum, in which Harwood, J., concurs: Viewing the circumstantial evidence upon which the verdict was predicated in the light most favorable to the People and giving it the benefit of every reasonable inference to be drawn therefrom, it is my view that the jury reasonably concluded that the defendant's guilt was established *(see, People v Betancourt,* 68 NY2d 707, 709-710; *People v Marin,* 65 NY2d 741, 742; *People v Mann,* 125 AD2d 711). While a trial court is empowered to set aside a verdict upon "[a]ny ground appearing in the record which, if raised upon an appeal from a prospective judgment of conviction, would require a reversal or modification of the judgment as a matter of law by an appellate court" (CPL 330.30 [1]), the court erred in granting the defendant's motion to set aside the verdict on the ground that it "was contrary to the law and was against the weight of the evidence".

The evidence adduced at trial amply demonstrated that the defendant was the sole individual who had the opportunity to set the fire. A firefighter present at the scene testified that the front entrance to the restaurant was locked and there was no other access to the building. The side door was locked from the inside with its slide bolts securely in place. Additionally, there was a padlocked cellar entrance grating on the street. There was no indication in the record that anyone had broken into the restaurant.

The defendant had unequivocally informed the fire marshal investigating at the scene that he had locked the restaurant at approximately 11:15 P.M. on the night of the fire, some 45 minutes prior to the time at which the firefighters first responded to the alarm. The defendant further indicated that there were only two keys to the restaurant. He had one key while the other was in the possession of the Roma Bakery. The key which had been given to the bakery was kept on a ring with various other keys in the cash register of the bakery. The manager of the bakery had the only key to that register. The only person authorized to utilize the restaurant key was the deliveryman who was entrusted with the task of opening the restaurant door and leaving bread inside. The deliveryman would routinely leave the bakery between 6:00 and 7:00 A.M. and return from his rounds between 2:00 and 3:00 P.M. Upon his return to the bakery, he returned the key ring to the manager who in turn placed it back in the cash register. The deliveryman at no time authorized anyone to make a copy of the key to the restaurant. He unequivocally denied that he had been the one to set fire to the restaurant on May 15, 1983.

A former employee of the defendant testified that he had left the premises at approximately 11:00 P.M. on the evening of the fire. When the employee left the premises, only the defendant remained present. The limited access to the restaurant in conjunction with the defendant's solitary presence there shortly before the fire was started established his exclusive opportunity to start the fire and constituted strong circumstantial evidence of his guilt. Moreover, as the People aptly contend, evidence adduced at trial overwhelmingly established that the defendant had a motive for setting the fire in his restaurant. In January or February of 1983, the defendant confided in his accountant that business "was not that great" and that he would like to see it improve. Approximately one year before the fire, the defendant informed his accountant that he was not getting along well with his land-

lord and that he felt that his business could do better at a different location. Although the defendant reopened the restaurant on June 17, 1983, he was forced to close down completely on March 18, 1984, since business was very bad.

Significantly, the defendant had $100,000 worth of fire insurance for the premises. The fire marshal who determined that the fire was incendiary in origin also concluded that the incendiary device employed had not functioned as planned. Consequently, the damage to the premises was not extensive. The defendant's claim against the insurance company was nevertheless settled for $47,650. The proof of loss submitted by the defendant included his signed statement that the loss had not originated by acts, loss or procurement on his part.

As the People have succinctly stated, the prospect of recovering substantial insurance proceeds as a result of fire damage to his restaurant provided a powerful motive for the defendant to set the fire and thereby overcome the financial hardship occasioned by his declining business. Moreover, the essentially simple nature of the incendiary device was consistent with the conclusion that the fire was started by the defendant who committed this single act of arson in order to remedy his financial reverses, rather than by a seasoned arsonist.

From the evidence adduced at trial, I conclude that the People convincingly established that the defendant had the motive, intent and opportunity to start the fire and excluded any reasonable hypothesis that the fire was innocent in nature (see, *People v Landers,* 107 AD2d 1022; *People v Donnelly,* 89 AD2d 872, 873; *People v Feuerstein,* 74 AD2d 853). Additionally, the People introduced evidence showing that the defendant had submitted a false sworn statement to an insurance company as proof of loss as a result of which he collected proceeds in excess of $1,500. Consequently, the jury properly convicted the defendant of arson in the third degree, insurance fraud in the first degree and grand larceny in the second degree, and the motion to set aside the verdict was improperly granted.