■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MARTIN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered September 15, 1986, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During deliberations, a juror submitted a note to the trial court informing it that "juror number 10 had done business in the neighborhood in which the crime was committed". Interviews conducted by the trial court revealed that while some of the jurors were examining photographs of the crime scene, juror number 10 pointed out the location of an alley to which a prosecution witness had testified. When asked by the other jurors how he had known where the alley was located, juror number 10 responded that he used to work in that neighborhood. Defense counsel's motion for a mistrial was denied.

The defendant contends that he was deprived of his right to an impartial jury and to his right to confrontation by the failure of juror number 10 to reveal his familiarity with the location where the crime occurred prior to jury selection. We disagree.

The juror's prior familiarity with the neighborhood where the crime occurred cannot be equated with a juror's "conscious, contrived experimentation" (People v Brown, 48 NY2d 388, 394; People v Smith, 59 NY2d 988, 990), a deliberate effort to add to or clarify the evidence presented at trial (People v Mann, 125 AD2d 711, lv denied 69 NY2d 748, lv denied on reconsideration 69 NY2d 952), or an attempt to verify the reliability of prosecution witnesses (cf., People v Crimmins, 26 NY2d 319; People v De Lucia, 20 NY2d 275), all of which have been condemned as juror misconduct sufficient to prejudice the rights of a defendant. Moreover, the trial court's interviews with the jurors established that the familiarity of juror number 10 with the neighborhood had no effect on their deliberations (see, People v Mann, supra). An examination of the photograph in question revealed that the location of the alley referred to by the prosecution witness was readily apparent.

Most of the objections to the comments of the prosecutor during his summation were sustained by the trial court and curative instructions were provided. Defense counsel neither moved for a mistrial nor sought additional instructions. Therefore, any alleged errors in regard thereto were unpreserved for appellate review (CPL 470.05 [2]; People v Medina, 53 NY2d 951). Moreover, those comments with respect to which any alleged error was preserved constituted a fair response to defense counsel's summation and did not serve to deprive the defendant of a fair trial (People v Galloway, 54 NY2d 396; People v Marks, 6 NY2d 67, cert denied 362 US 912; People v

*Hall,* 138 AD2d 404; *People v Street,* 124 AD2d 841, *lv denied* 69 NY2d 834; *People v Lindsay,* 123 AD2d 719, *lv denied* 69 NY2d 713).

Finally, the defendant's sentence was neither unduly harsh nor excessive *(see, People v Suitte,* 90 AD2d 80). Mollen, P. J., Mangano, Brown and Harwood, JJ., concur.