■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY SKINNER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered May 22, 1987, convicting him of arson in the third degree, criminal mischief in the third degree, and reckless endangerment of property, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction stems from an incident involving a car which was allegedly set on fire on August 22, 1986, in Queens County. The sole issue we are called on to determine is whether the evidence adduced at trial was legally sufficient to establish that the defendant was criminally responsible for this fire. Viewing the circumstantial evidence upon which the verdict was predicated in a light most favorable to the prosecution *(People v Contes,* 60 NY2d 620), and indulging in all reasonable inferences in the prosecution's favor *(see, People v Ford,* 66 NY2d 428), we conclude that it was.

An eyewitness testified that immediately preceding the fire, he observed the defendant in the vicinity of the subject car in the company of a man who was carrying an antifreeze container which smelled of gasoline. The witness watched this man walk toward the car and thereafter saw "flame and smoke". The defendant then waved to the man and both fled in the defendant's car. The testimony of a New York City Fire Marshal eliminated the possibility that the fire was caused either by a natural event or by an accident. Furthermore, the defendant had been suspended from his job that day by the owner of the car and had a prior antagonistic relationship with him. In light of the foregoing, we find that any reasonable hypothesis of the defendant's innocence was excluded *(see, People v Betancourt,* 68 NY2d 707), and that the jury reasonably concluded that the defendant's guilt was established beyond a reasonable doubt *(see, People v Flick,* 147 AD2d 957; *People v Landers,* 107 AD2d 1022; *cf., People v Zurzolo,* 143 AD2d 286). Bracken, J. P., Rubin, Rosenblatt and Miller, JJ., concur.