■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTORIANO GARCIA, Appellant.—Judgment of the Supreme Court, New York County (James Leff, J., at suppression hearing and at trial with a jury), rendered February 20, 1986, convicting defendant of arson in the second degree and sentencing him to an indeterminate term of imprisonment of 4 to 12 years, is unanimously affirmed.

The evidence at trial overwhelmingly established defendant's guilt of setting fire to the apartment that his brother had recently vacated because he had been dispossessed. The owner testified that she had a confrontation with defendant a few days before the fire. One tenant saw defendant placing debris in a bathtub shortly before the fire, and the second saw furniture piled in front of the oven just before the fire started. As the fire burned, the second tenant witness overheard defendant, who was at the scene, expressing his lack of concern for his actions.

We find no merit to defendant's claim that he is entitled to a reversal because the on-the-scene showup conducted by the police officer was not supported by probable cause and was suggestive. The advice by a fire officer that the blaze was suspicious, and the accusation by a civilian that defendant

had set the blaze, was a sufficient basis to briefly detain defendant *(People v Hicks,* 68 NY2d 234, 242). Moreover, there was no evidence of the showup produced at the trial. The tenant who overheard defendant making admissions placed defendant in the street, but he did not testify that he later identified defendant as he sat in the patrol car. The other witness died before the trial. We further find defendant's related claim that the officer bolstered the identification testimony equally meritless.

Defendant's claim that the matches and lighter recovered from him at the precinct were the tainted fruit of his illegal arrest has not been preserved. This physical evidence was not discussed in the papers in support of defendant's motion to suppress, and no testimony about this evidence was brought out at the hearing.

Defendant's unpreserved claim that the court's failure to give a circumstantial evidence charge was error also lacks merit. Since the inference of guilt flows naturally from facts proved, and defendant's statement did more than place him on the scene, there is no danger that the jury improperly bridged gaps in the evidence by drawing improper inferences *(cf., People v Alexander,* 153 AD2d 507, *lv granted* 75 NY2d 778).

We have considered defendant's remaining claims and find them to be without merit. Concur—Ross, J. P., Asch, Kassal, Wallach and Rubin, JJ.