■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JANICE ALAM, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County (Feldman, J.), dated September 25, 1990, which granted the defendant's motion to set aside a verdict rendered January 30, 1990, finding her guilty of reckless endangerment in the first degree (two counts).

Ordered, that the order is reversed, on the law, the defendant's motion to set aside the verdict is denied, the verdict is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

The Supreme Court granted the defendant's motion to set aside the verdict (CPL 330.30) on the ground that "the circumstantial evidence presented by the prosecution was not legally sufficient to establish defendant's guilt". We disagree. Viewing the evidence in a light most favorable to the People, we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see generally, People v Mattiace, 77 NY2d 269; People v Ford, 66 NY2d 428; People v Skinner, 162 AD2d 480; People v Mann, 125 AD2d 711).

At this juncture, we need not decide whether the verdict was supported by the weight of the evidence, as well as by legally sufficient evidence. Such an inquiry is proper, in criminal cases, only on an appeal taken to this court by a defendant after a judgment of conviction (CPL 470.15 [5]; People v

*Bleakley,* 69 NY2d 490). If the Supreme Court's order was based upon the exercise of factual review powers which are solely within the province of the Appellate Division, the proper remedy is nonetheless to reverse and to reinstate the verdict *(see, People v Colon,* 65 NY2d 888; *People v Carter,* 63 NY2d 530; *People v Brown,* 141 AD2d 657). Bracken, J. P., Harwood, Lawrence and O'Brien, JJ., concur.