■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PASQUALE RAUCCI, Respondent. [609 NYS2d 333] —Appeals by the People, as limited by their brief, from (1) so much of an order of the Supreme Court, Kings County (Owens, J.), dated April 10, 1991, as granted that branch of the defendant's motion pursuant to CPL 330.30 which was to set aside so much of the jury verdict as convicted him of riot in the first degree, and (2) so much of an order of the same court, dated May 9, 1991, as granted that branch of the defendant's motion which was to set aside so much of the verdict as convicted him of riot in the first degree, unlawful imprisonment in the first degree (three counts), and menacing (four counts).

Ordered that the appeal from the order dated April 10, 1991, is dismissed, as that order was superseded by the order dated May 9, 1991; and it is further,

Ordered that the order dated May 9, 1991, is reversed insofar as appealed from, on the law, the order dated April 10, 1991, is vacated insofar as reviewed, the motion to set aside the verdict is denied, the verdict with respect to riot in the first degree, unlawful imprisonment in the first degree (three counts), and menacing (four counts) is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

The Supreme Court granted those branches of the defendant's motion which were to set so much of the jury's verdict as convicted him of riot in the first degree (see, Penal Law § 240.06), three counts of unlawful imprisonment in the first degree (see, Penal Law § 135.10), and four counts of menacing (see, Penal Law former § 120.15), on the ground that the evidence adduced at trial was legally insufficient to sustain the convictions on those counts. We disagree.

Contrary to the People's claim on appeal, we find that a sufficient record at trial exists to deem the defendant's contentions in this vein adequately preserved for appellate review (see, CPL 470.05 [2]), thereby allowing the trial court to set aside the verdict on a ground which, "if raised upon an appeal from a prospective judgment of conviction, would require a reversal * * * as a matter of law by an appellate court" (CPL 330.30 [1]; see, People v Carter, 63 NY2d 530, 536; People v Brown, 141 AD2d 657).

Nevertheless, viewing the evidence adduced at trial in the

light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of the counts in question beyond a reasonable doubt. Accordingly, those counts that were set aside and dismissed pursuant to the defendant's CPL 330.30 motion are reinstated, and the defendant's motion is denied in its entirety.

At this juncture, we do not decide whether the verdict was supported by the weight of the evidence *(see,* CPL 470.15 [5]; *People v Bleakley,* 69 NY2d 490), since such an inquiry is proper only upon an appeal after a judgment of conviction *(see, People v Goodfriend,* 64 NY2d 695; *People v Alam,* 180 AD2d 689).

In light of the foregoing conclusion, we need not address the parties' remaining contentions. Bracken, J. P., O'Brien, Pizzuto and Altman, JJ., concur.