■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT O. LABAR, Appellant. [716 NYS2d 837] —Rose, J. Appeal from a judgment of the County Court of Schuyler County (Callanan, Sr., J.), rendered May 16, 1997, upon a verdict convicting defendant of the crime of arson in the third degree.

On June 5, 1995, defendant and his wife purchased a house and 65 acres of land located in the Town of Dix, Schuyler County, for $55,000. On November 3, 1995, a fire occurred at the house and defendant promptly notified his insurance company of the loss. Defendant was thereafter charged, by indictment, with the crimes of arson in the third degree and insurance fraud in the third degree. Following a suppression hearing, County Court granted defendant's motion to dismiss the charge of insurance fraud. After trial, the jury found defendant guilty of arson in the third degree. Defendant's subsequent motion to set aside the jury verdict as against the weight of the evidence was denied by County Court. Defendant was sentenced to a term of imprisonment of 1 to 3 years, and now appeals.

Defendant contends that the verdict reached by the jury was against the weight of the evidence, thereby requiring reversal of his judgment of conviction. Specifically, defendant maintains that since the only evidence linking him to the fire is his statement that he had been lighting matches earlier in the day, any inference of intent to cause a fire as required by the statute is unwarranted. A determination of whether a verdict is supported by the weight of the evidence requires an examination of the evidence "in a neutral light" (*People v Carthrens*, 171 AD2d 387, 392). Also, upon appellate review, this Court does not distinguish between direct and circumstantial evidence in assessing its weight or sufficiency (*see, People v Davis*, 260 AD2d 726, 729, *lv denied* 93 NY2d 968; *People v Durham*, 248 AD2d 820, 821, *lv denied* 91 NY2d 972; *People v Roraback*, 242 AD2d 400, 401, *lv denied* 91 NY2d 879). If all credible evidence would reasonably support a different finding, we must " 'weigh the relative probative force of conflicting testimony and the rel-

ative strength of conflicting inferences that may be drawn from the testimony' " (*People v Bleakley*, 69 NY2d 490, 495, quoting *People ex rel. MacCraken v Miller*, 291 NY 55, 62). However, the verdict "must remain undisturbed unless the record reveals that it is clearly unsupported" (*People v Maxwell*, 260 AD2d 653, 654, *lv denied* 93 NY2d 1004; *see, People v Fernandez*, 248 AD2d 801).

The evidence at trial established that defendant had expended all of his savings to purchase the property, had insured the building for more than it was worth, was having difficulty selling other property, and was the last person to leave the home on the day of the fire. In addition to evidence that the fire had two or possibly three points of origin which were not accidental, electrical or natural, the People presented proof that after initially informing a police fire investigator and a insurance company representative that he did not know the cause of the fire, defendant made a statement that he had been attempting to light an incense candle with matches on the day in question and inadvertently set a small fire on a couch in the living room. When defendant was asked if he put the fire out completely before leaving the house, he replied, "I don't think so." When viewed in a neutral light, the record does not support a finding that the jury verdict was against the weight of the evidence. Accordingly, County Court correctly denied defendant's motion to set the verdict aside.

Crew III, J. P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.