■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE DAVIS BELL, Appellant. [763 NYS2d 762] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered July 27, 1999, convicting him of murder in the first degree (six counts), murder in the second degree (six counts), attempted robbery in the first degree, burglary in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of numerous crimes, including six counts of murder in the first degree, in connection with the attempted robbery of a check-cashing store in Queens and the shooting death of the store owner and his security guard. From a store across the street from where the crimes occurred, a witness saw the defendant and another man approach the two victims and enter the check-cashing store with them. The witness then heard shots and saw the defendant and his accomplice leave the store. That witness subsequently identified the defendant at a lineup. The defendant later confessed to his participation in the crimes. At the sentencing phase of the trial, the jury determined that a sentence of life imprisonment without parole on two of the counts of murder in the first degree should be imposed, but could not reach a verdict on sentencing on the four remaining counts of murder in the first degree.

Subsequently, the defendant moved to set aside the verdict based on the alleged misconduct of two jurors in visiting the scene of the murders. Specifically, the defendant submitted an affidavit from Juror No. 7, who stated that she "drove through the crime scene" and "felt that the window" of the store from which the witness had viewed the incident "was so obstructed that it would have been impossible to have seen through the window." She reported her observations to Juror No. 4. Additionally, Juror No. 7 reported that during deliberations, she heard Juror No. 9 "tell the jury that she had driven through the crime scene during the course of the trial, and that she had had adequate time to observe the street because she had been stopped for a [traffic] light. She reported her observations of the crime scene to the jury and specifically said there were no obstructions that would have interfered with [the witness's] view."

The court conducted a hearing on the defendant's motion. At that hearing, Jurors Nos. 7 and 9 testified, as well as other witnesses. When questioned at the hearing, Juror No. 7, who was represented by counsel, testified as to the circumstances under which defense counsel obtained her affidavit, but she invoked her Fifth Amendment right and refused to testify about the contents thereof. After the hearing, the court denied the defendant's motion to set aside the verdict and subsequently sentenced the defendant on the remaining counts.

We reject the defendant's contention that the trial court erred in denying his motion to set aside the jury verdict based upon alleged juror misconduct. "At any time after rendition of a verdict of guilty and before sentence, the court may, upon motion of the defendant, set aside or modify the verdict or any part thereof" based upon a juror's improper conduct during the trial "which may have affected a substantial right of the defendant and which was not known to the defendant prior to the rendition of the verdict" (CPL 330.30 [2]). However, it is well settled that "not every misstep by a juror rises to the inherently prejudicial level at which reversal is required automatically" (*People v Brown,* 48 NY2d 388, 394 [1979]). Rather, the facts of each case "must be examined to determine the nature of the material placed before the jury and the likelihood that prejudice would be engendered" (*id.* at 394; *see People v Maragh,* 94 NY2d 569, 573-574 [2000]; *People v Irizarry,* 83 NY2d 557, 561 [1994]; *People v Clark,* 81 NY2d 913, 914 [1993]). Further, "[t]he trial court is invested with discretion and posttrial fact-finding powers to ascertain and determine whether the activity during deliberations constituted misconduct and whether the verdict should be set aside and a new trial ordered" (*People v Maragh, supra* at 574, citing *People v Testa,* 61 NY2d 1008, 1009 [1984]).

In the instant case, the trial court providently exercised its discretion in determining that the conduct of Jurors Nos. 7 and 9 did not constitute misconduct which warranted setting aside the jury's guilty verdict and ordering a new trial. Although a juror's unauthorized visits to locations described in trial testimony may constitute misconduct which warrants setting aside a guilty verdict (*see People v Crimmins,* 26 NY2d 319 [1970]; *People v De Lucia,* 20 NY2d 275 [1967]), such is not the case here. At the hearing on the defendant's motion, Juror No. 9 testified that she unintentionally found herself in the area of the crime scene, but that she did not stop to make any particular observations of the area. Thus, the record demonstrates that her viewing of the scene did not constitute misconduct

since it was not "part of an effort to add or clarify the evidence presented at trial," and her "casual observations of the scene had no effect on [her] deliberations" (*People v Mann,* 125 AD2d 711, 713 [1986]; *see People v McKenzie,* 281 AD2d 236 [2001]; *People v Martin,* 149 AD2d 534 [1989]).

Nor is there any basis to disturb the trial court's determination that Juror No. 7's visit to the crime scene did not constitute misconduct which was prejudicial to the defendant's substantial rights. Here, where the record demonstrates that the defendant "was, if anything, aided by whatever misconduct took place, defendant made no showing at his hearing of how the misconduct [by Juror No. 7] was inherently prejudicial to his substantial rights" (*People v Clark,* 81 NY2d 913, 914-915 [1993], *supra*).

The defendant's remaining contentions are without merit. Feuerstein, J.P., Friedmann, Luciano and Townes, JJ., concur.