■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE S. CUSHNER, JR., Appellant. [847 NYS2d 723]—

Kane, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered August 5, 2005, upon a verdict convicting defendant of the crime of arson in the second degree.

Defendant rented space for his bakery and deli called Sweets and Eats in a building which also contained two other businesses and two upstairs apartments. Less than an hour after defendant and his then girlfriend, now wife, closed his shop and left for the day, a fire was discovered in the building. The tenants of the apartments were home and escaped without injury, but the building was destroyed. A grand jury indicted defendant on charges of arson in the second degree and arson in the third degree. At trial, he was convicted of both counts. County Court dismissed the lesser included offense and sentenced defendant on arson in the second degree. Defendant appeals.

Defendant's conviction is supported by legally sufficient evidence. A defendant is guilty of arson in the second degree when he or she intentionally damages a building by starting a fire, another person is present in the building and the defendant knows or should reasonably know that a person was present (*see* Penal Law § 150.15). It is uncontested that a fire occurred which destroyed the building, and tenants of the apartments were in the building at that time. An arson investigator testified that the fire originated on the front left burner of the stove in defendant's business and was caused by that burner being turned on high heat while a pan of grease was on the burner. Defendant and his girlfriend were the last ones to leave Sweets and Eats, with defendant leaving last through the door immediately next to the stove. Defendant cooked french fries on that burner earlier in the day, but stated that he turned the burner off about half an hour before he left. The fire department was called because the fire was raging approximately 40 minutes after defendant left. Testimony established that everyone who was known to have a key to any business on the ground floor of the building was not present on the day of the

fire, except for defendant. Defendant admittedly owed more than $30,000 in debts related to the business, and his $20,000 insurance policy covering the contents of the business was set to expire approximately one month from the date of the fire. Considered in a light most favorable to the People, this evidence sufficiently demonstrated that defendant intentionally set the fire (*see People v Wood*, 299 AD2d 739, 742 [2002], *lv denied* 99 NY2d 621 [2003]).

The conviction was also supported by the weight of the evidence. Without any question that a fire occurred, the only real questions at trial were whether defendant started the fire and, if so, whether he did it intentionally. As it would not have been unreasonable for the factfinder to reach a different result, we must weigh the relative probative force of conflicting evidence and the strength of conflicting inferences to be drawn from such evidence to see if the jury gave the evidence the weight it should be accorded (*see People v Romero*, 7 NY3d 633, 643 [2006]). We must review the evidence in a neutral light, without distinguishing between direct and circumstantial evidence (*see People v Labar*, 278 AD2d 522, 522 [2000]),* and give deference to the factfinder's ability to observe the witnesses (*see People v Romero*, 7 NY3d at 644).

Here, the People presented testimony that all exterior doors were locked with no signs of forced entry. The arson investigator was not able to check whether one interior door to the basement was locked, thus potentially allowing access to Sweets and Eats from another business in the building, but everyone with keys to any business in the building testified that they were not there on the day of the fire. While defendant argued that the building owner had motive for arson, the owner had a solid alibi placing him out of state at the time and his wife's alibi placed her in New York City. That left only defendant and his girlfriend with the opportunity to turn on the stove burner. Defendant's statement to police indicated that he used the burner and pan with grease to cook french fries that afternoon, he remembered turning off the burner earlier, and he would have noticed the smell or smoke before he left the building if he had forgotten to turn the burner off. His girlfriend testified that she was standing close to the stove prior to leaving and did not notice any

---

* The heightened standard applicable to cases based entirely on circumstantial evidence is only applicable to the trier of fact. On appeal, we review the evidence pursuant to the standard in *People v Bleakley* (69 NY2d 490, 495 [1987]) regardless of the type of evidence used to obtain the conviction (*see People v Williams*, 84 NY2d 925, 926 [1994]; *People v Richardson*, 28 AD3d 1002, 1003-1004 [2006], *lv denied* 7 NY3d 817 [2006]).

heat, smoke or odor emanating from it. She exited the building before defendant, providing him an opportunity to turn on the burner as he exited since the stove was directly next to the door.

Evidence also established that business was slow, defendant's food supplier was on a cash-on-delivery policy due to defendant's overdue account balance, he was behind on other bills and loan payments, and his checking account was overdrawn. As a potential answer to part of this financial trouble, he had a $20,000 insurance policy on the contents of the business and that policy was set to expire approximately one month after the fire. He admitted that he removed all of the paper money from the cash register when he closed on the day of the fire, despite his usual practice of leaving $60 in the till. In connection with a restaurant fire down the block two weeks earlier, defendant made comments to the effect that the owner burned the building down for insurance money and defendant wished he could enjoy that kind of luck. While motive evidence "does not establish any element of the crime, and cannot take the place of proof of the accused's actual commission of the crime," such evidence cannot be ignored (*People v Marin,* 65 NY2d 741, 745 [1985]; *see People v Hamilton,* 129 AD2d 859, 862 [1987]). Considering defendant's motive and opportunity, as well as the lack of access for anyone besides him and his girlfriend, the jury's verdict was not against the weight of the evidence (*see People v Labar,* 278 AD2d at 523; *compare People v Zurzolo,* 143 AD2d 286, 287 [1988], *affd* 74 NY2d 680 [1989]).

Defendant failed to preserve his argument concerning the jury charge. At the charge conference, defense counsel asked for the charge based upon purely circumstantial evidence. County Court explained the charge that it intended to give, which addressed both direct and circumstantial evidence. Counsel did not object or request an alternative charge either at that time or after the court charged the jury, rendering the current argument unpreserved (*see People v Woodridge,* 30 AD3d 898, 900 [2006], *lv denied* 7 NY3d 852 [2006]).

We will not address defendant's unpreserved arguments that County Court's preliminary instructions and admonitions were insufficient (*see People v Harper,* 7 NY3d 882, 882-883 [2006]; *People v Schwing,* 9 AD3d 685, 686 [2004], *lv denied* 3 NY3d 742 [2004]), and that the court improperly admitted videotaped testimony of his wife (*see People v Davis,* 213 AD2d 665, 665 [1995], *lv denied* 86 NY2d 734 [1995]).

Defendant received the effective assistance of counsel. Contrary to defendant's contention that counsel failed to move for suppression of his statements based on the alleged inadequacy

of the People's CPL 710.30 notice, counsel did base her suppression motion upon that ground, among others. Although County Court did not rule in defendant's favor on the basis of the People's notice, counsel obtained rulings suppressing portions of defendant's statements and some physical evidence. She vigorously defended the case by presenting defense witnesses, raising pertinent objections, pointing out several flaws in the prosecution's case during her summation and cross-examining all prosecution witnesses, including demonstrating familiarity with an authoritative manual to question the expert arson investigator. Under the circumstances, counsel provided meaningful representation (*see People v Van Ness*, 43 AD3d 553, 555-556 [2007], *lv denied* 9 NY3d 965 [2007]; *People v Timberlake*, 42 AD3d 761, 762 [2007]).

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.

 