■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDDIE HARVIN, Appellant. [904 NYS2d 507]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ingram, J.), rendered April 22, 2008, convicting him of attempted arson in the second degree, reckless endangerment in the first degree, and criminal mischief in the fourth degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is modified, on the facts, by vacating the conviction of attempted arson in the second degree and reducing the conviction of reckless endangerment in the first degree to reckless endangerment in the second degree, and vacating the sentences imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for sentencing to time served on the conviction of reckless endangerment in the second degree.

Contrary to the defendant's contention, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that the evidence established a valid line of reasoning and permissible inferences that could lead a rational person to the conclusions that the defendant intended to damage a building by starting the subject fire (*see* Penal Law § 150.15; *People v Thomas*, 214 AD2d 439, 440 [1995]), and that in doing so he acted with depraved indifference to human life (*see* Penal Law § 120.25; *see generally People v Anderson*, 38 AD3d 1061, 1062 [2007]; *People v Oreckinto*, 178 AD2d 562, 563 [1991]). Accordingly, the evidence was legally sufficient to support the convictions of attempted arson in the second degree and reckless endangerment in the first degree (*see generally People v Williams*, 84 NY2d 925, 926 [1994]; *People v Pickens*, 60 AD3d 699, 701 [2009]).

However, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348-349 [2007]; *People v Bleakley*, 69 NY2d 490, 495 [1987]), we find that the defendant's convictions of attempted arson in the second degree and reckless endangerment in the first degree were against the weight of the evidence (*see generally People v Cahill*, 2 NY3d 14,

62 [2003]; *People v Pickens*, 60 AD3d at 701-702). The evidence, when properly weighed, did not prove, beyond a reasonable doubt, that the defendant intended to damage a building (*see* Penal Law § 150.15), rather than the property of another (*see* Penal Law § 150.01), by starting the subject fire (*cf. People v Hodges*, 66 AD3d 1228 [2009]; *People v Cushner*, 46 AD3d 1121, 1124 [2007]; *People v Labar*, 278 AD2d 522 [2000]; *People v Munoz*, 253 AD2d 699, 700 [1998]; *People v Garcia*, 162 AD2d 150 [1990]; *People v Fisher*, 112 AD2d 1008 [1985]). Similarly, the evidence, when properly weighed, did not prove beyond a reasonable doubt that the defendant, by starting the subject fire, acted with depraved indifference to human life, rather than with a reckless disregard that his conduct may create a substantial risk of serious physical injury to another person (*cf.* Penal Law § 120.25 with Penal Law § 120.20; *cf. People v Anderson*, 38 AD3d at 1062; *People v Narimanbekov*, 258 AD2d 417, 417 [1999]; *People v Oreckinto*, 178 AD2d at 563).

Nonetheless, because the evidence demonstrated, beyond a reasonable doubt, that the defendant, by starting the subject fire, recklessly engaged in conduct that created a substantial risk of serious physical injury to another person, we modify the judgment by reducing the conviction of reckless endangerment in the first degree to reckless endangerment in the second degree, a lesser-included offense that was charged in the indictment and submitted to, but not reached by, the trial court (*see* Penal Law § 120.20). However, since the defendant has already served the maximum permissible sentence for that crime, the matter is remitted for sentencing to time served on the conviction of reckless endangerment in the second degree (*see* Penal Law § 70.15 [1]; *cf. People v Oates*, 33 AD3d 823, 824 [2006]; *People v Deolall*, 7 AD3d 635, 636 [2004]).

In light of our determination, we need not reach the defendant's contention that the sentence imposed on his conviction of attempted arson in the second degree was excessive. Rivera, J.P., Balkin, Leventhal and Roman, JJ., concur.