People v Permaul (2019 NY Slip Op 05719)





People v Permaul


2019 NY Slip Op 05719


Decided on July 18, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 18, 2019

109104

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ZABEEDA PERMAUL, Appellant.

Calendar Date: June 7, 2019

Before: Egan Jr., J.P., Lynch, Mulvey, Devine and Rumsey, JJ.


Adam G. Parisi, Schenectady, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered May 27, 2016, upon a verdict convicting defendant of the crimes of arson in the first degree and insurance fraud in the second degree (two counts).
Defendant and her husband purchased a building in the City of Schenectady, Schenectady County with restaurant space on the first floor and two apartments on the second floor. By 2015, defendant was estranged from her husband and managing the restaurant, living in one of the apartments and renting out the other. In the late morning of February 22, 2015, a fire started on the stairs leading up from the basement. Defendant had just left the building, but her tenant called 911 after smelling and seeing smoke. Due to the heavy smoke in the stairwell, the tenant did not escape the building and waited for assistance. Firefighters forced their way into the locked building, guided the tenant outside and extinguished the blaze. Defendant then made claims against her business owner and renters insurance policies, issued by separate carriers, in which she misrepresented that there were no liens against the property. The subsequent investigation revealed that defendant was in financial distress at the time of the fire and that kerosene, diesel or a similar accelerant was present on the basement steps where the fire had started.
Those and other facts led investigators to believe that defendant had set the fire herself in order to pursue fraudulent insurance claims, and she was charged in an indictment with various offenses. Following a jury trial, defendant was convicted of arson in the first degree and two counts of insurance fraud in the second degree. County Court imposed a sentence of 25 years to life in prison upon the arson conviction and a lesser concurrent sentence on each insurance fraud conviction. Defendant appeals.
We affirm. Defendant argues that the verdict was against the weight of the evidence, primarily focusing upon the first-degree arson conviction. Inasmuch as "an acquittal would not [*2]have been unreasonable," we are obliged to "weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions" to determine whether "the jury was justified in finding . . . defendant guilty beyond a reasonable doubt" (People v Danielson, 9 NY3d 342, 348 [2007]; see People v Sanchez, 32 NY3d 1021, 1023 [2018]). In doing so, we "review the evidence in a neutral light, without distinguishing between direct and circumstantial evidence, and give deference to the factfinder's ability to observe the witnesses" (People v Cushner, 46 AD3d 1121, 1123 [2007], lv denied 10 NY3d 809 [2008] [internal citation omitted]; see People v Romero, 7 NY3d 633, 643-644 [2006]; People v Pierre, 162 AD3d 1325, 1327 [2018], lv denied 32 NY3d 1007 [2018]).
The proof adduced at trial established that the fire was not natural or accidental in origin and caused damage to the building, as well as that defendant knew or could reasonably suspect that the tenant was present, leaving the questions of whether defendant intentionally set the fire and did so for financial gain (see Penal Law § 150.20 [1]). In that regard, defendant was in dire financial straits by the time of the fire, with liens having been placed against the building for unpaid loans and taxes running into the tens of thousands of dollars. She had stopped repaying numerous loans, but continued to pay her insurance premiums and made such a payment for her business owners policy a few days before the fire. About an hour before the fire broke out, defendant was alone in the restaurant and deactivated the building's security cameras. The tenant testified as to what followed, stating that she overheard defendant having a telephone conversation "about numbers" and soon smelled something similar to gasoline. The tenant then detected smoke in her apartment, which an investigator testified would have occurred two or three minutes after the fire had started, given the accelerant used and the layout of the building. There was no response from defendant's apartment when the tenant tried to raise the alarm, the reasons for which became clear when the tenant looked out a window and saw defendant and her son leaving the scene in a car. The tenant also spoke to defendant later that day, and defendant stated that she was carrying her passport and her valuables when she left the building that morning. Defendant gave testimony that cast her son as the villain, but her account was assailed upon cross-examination as conflicting with both her prior statements and her acknowledgement that she had the keys to the building and refused to admit the son earlier that day. The jury credited the proof of defendant's guilt despite her testimony and the lack of physical evidence tying her to the fire and, deferring to that assessment, we find the conviction for arson in the first degree to be supported by the weight of the evidence (see People v Vega, 170 AD3d 1266, 1271 [2019]; People v Howard, 134 AD3d 1153, 1157 [2015], lv denied 27 NY3d 965 [2016]; People v Cushner, 46 AD3d at 1123-1124).[FN1]
Defendant did not object to the testimony of a fire investigator who opined that the fire did not have a natural or accidental origin, leaving unpreserved her contention that the testimony improperly encroached upon the province of the jury (see CPL 470.05 [2]; People v Ramsaran, 154 AD3d 1051, 1055 [2017], lv denied 30 NY3d 1063 [2017]). In any event, County Court appropriately considered "whether 'the potential value of the evidence [was] outweighed by the possibility of undue prejudice to the defendant or interference with the province of the jury,'" and we perceive no reason to take corrective action on the issue in the interest of justice (People v Rivers, 18 NY3d 222, 228 [2011], quoting People v Bennett, 79 NY2d 464, 473 [1992]; see People v Howard, 92 AD3d 1219, 1220 [2012], lv denied 19 NY3d 864 [2012]).
Finally, defendant received the effective assistance of counsel. Defense counsel did not object to the fire investigator's opinion testimony but, as noted above, an objection would not have succeeded (see People v Hackett, 167 AD3d 1090, 1095 [2018]; People v Garcia-Toro, 155 AD3d 1086, 1089-1090 [2017], lv denied 30 NY3d 1115 [2018]). Moreover, although defense [*3]counsel muddled things in his opening statement by saying that he would "prove" that defendant was innocent, he went on to make clear that defendant was "innocent until proven guilty," and the proper burden of proof was emphasized in County Court's instructions to the jury. The isolated statement was therefore not "so egregious that [it] would amount to ineffective assistance of counsel absent any other significant errors," of which we perceive none (People v Adams, 135 AD3d 1154, 1157-1158 [2016], lv denied 27 NY3d 990 [2016]). The record instead reflects that defense counsel engaged in appropriate pretrial and posttrial motion practice and deployed a cogent, if unsuccessful, strategy at trial. Thus, we are satisfied from a review of the record that defendant was afforded meaningful representation (see People v Benevento, 91 NY2d 708, 712 [1998]; People v Adams, 135 AD3d at 1157-1158).
Egan Jr., J.P., Lynch, Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: To the extent that defendant also argues that she did not commit a "fraudulent insurance act" in an effort to "wrongfully take, obtain or withhold property with a value in excess of" $50,000, we do not agree (Penal Law § 176.25; see Penal Law § 176.05). Defendant misrepresented to both of her insurers that there were no liens on the property, and the jury's finding that she intentionally did so in order to wrongfully obtain proceeds that should have gone to the lienholders was not against the weight of the evidence (see People v Stevens, 65 AD3d 759, 761-762 [2009], lv denied 13 NY3d 839 [2009]; People v Dybdahl, 144 AD2d 949, 950 [1988]).