THE PEOPLE OF THE STATE OF NEW YORK, Respondent. v. FERDINAND CAROLIN, Appellant.

Notice to the defendant is not necessary of an application on the part of the district attorney to transfer an indictment found in one court to another for trial.

Where, upon the trial of an indictment for murder in the first degree, a juror challenged by the People for bias testified that his scruples were such as to render him " extremely reluctant to find the defendant guilty of murder in the first degree." *Held*, that, although this testimony was somewhat modified by further examination, yet it was for the court to determine from the whole examination, including the appearance and demeanor of the juror as to his competency under the Code of Civil Procedure (sub. 8, § 377) and that a decision sustaining the challenge was not error.

(Argued June 24, 1889; decided June 28, 1889.)

APPEAL from judgment of the Court of Oyer and Terminer of the city and county of New York, entered upon a verdict rendered December 21, 1888, convicting defendant of the crime of murder in the first degree.

The opinion in this case, after collating the evidence and holding it to be amply sufficient to sustain the conviction, continues as follows :

" The indictment was found in the ' General Sessions of the Peace of the City and County of New York,' and on applica-

tion of the district attorney and without notice to the defendant, was sent to the Court of Oyer and Terminer, there to be determined.   At the opening of the trial the prisoner's counsel objected that for want of such notice the removal was invalid and the court without jurisdiction.   The objection was properly disregarded.   The power to make such transfer is given by statute, and neither by legislation nor the decision of any court to which our attention is called, or of which we have knowledge, is it made necessary to apprise a person indicted that an indictment found in one court will be taken for trial into another.   Nor does it appear that either reason or the ends of justice, or the preservation of any right of the citizen, requires that the practice contended for by the appellant should prevail.   He might as well complain that he had no previous notice of the application for the indictment.

"Other exceptions, also, forming the basis of argument, were taken at the trial.   They relate to its conduct, to the sustaining by the court of challenges by the People, to jurors upon the ground of their opinions concerning capital punishment.   The Code of Criminal Procedure (§ 377) provides that in such a case as the present a person entertaining 'such conscientious opinions as could preclude his finding the defendant guilty, shall neither be permitted nor compelled to serve as a juror.'   On this occasion each said, in substance, that his scruples were such as would render him 'extremely reluctant to find the defendant guilty of murder in the first degree,' and although this was attenuated and somewhat modified by further examination, it was for the court to say, from the whole examination of the juror, including his appearance and demeanor, whether he was fit and competent to perform fairly and impartially his duty as a trior of the issues which involved such result."

*Abraham Suydam* for appellant.

*McKenzie Semple* for respondent.

DANFORTH, J., reads for affirmance.
All concur.
Judgment affirmed.