*847
 
 OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 The trial court did not err in instructing the jury, over defense counsel’s objection, that voluntary "intoxication” as that term is used in Vehicle and Traffic Law § 1192 (3) means the voluntary consumption of alcohol to the point where the individual’s "ability to drive safely [i]s impaired
 
 to a substantial extent”
 
 (emphasis supplied)
 
 (see,
 
 3 CJI, Vehicle and Traffic Law § 1192, at 2303). Contrary to defendant’s contention, there is no meaningful semantic difference between being so inebriated that one’s "ability to drive safely is impaired to a substantial extent” — the formula used by the trial court here —and being so inebriated that one is "incapable of employing the physical and mental abilities which [one] is expected to possess in order to operate a vehicle as a reasonable and prudent driver” — the formula used by this Court in
 
 People v Cruz
 
 (48 NY2d 419, 428). While the term "incapable” may connote absolute inability in the abstract, it loses that unconditional quality when it is used in conjunction with a relative concept like operating a vehicle in a "reasonable and prudent” manner
 
 (see, id.; see also, Matter of Johnston,
 
 75 NY2d 403).
 

 Thus, in this context, the trial court’s description of "intoxication” as having one’s ability to drive safely impaired "to a substantial extent” did not in any way diminish the People’s burden of proof. It was, in fact, useful in clarifying the distinction between driving while intoxicated (Vehicle and Traffic Law § 1192 [3]) and driving while impaired (Vehicle and Traffic Law § 1192 [1]), which requires a lesser showing that the accused’s driving faculties were impaired "to any extent”
 
 (People v Cruz, supra,
 
 at 427). Accordingly, the court’s instruction furnishes no ground for reversal.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed in a memorandum.