■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY McKENZIE, Appellant. [721 NYS2d 649] —Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered May 21, 1998, convicting defendant, after a jury trial, of attempted murder in the second degree, and sentencing him to a term of 8 to 16 years, unanimously affirmed.

Defendant's motion to set aside the verdict was properly denied after a thorough hearing. The court correctly determined that although the sequestered jury was inadvertently driven past the area where the crime occurred, there was no prejudice since the geography of the crime scene was not a disputed issue in the case. Unlike a juror's deliberate attempt to gather evidence by visiting a crime scene (see, People v De Lucia, 20 NY2d 275), an inadvertent, nonprejudicial exposure of jurors to a crime scene does not warrant reversal (People v Mann, 125 AD2d 711; see also, People v Brown, 48 NY2d 388, 393-394). The only evidence suggesting the possibility of prejudice was

contained in testimony that the court properly rejected as incredible.

The court properly granted the People's request for a missing witness charge with respect to defendant's failure to call a passenger who was in defendant's car at the time of the crime. The record establishes that this witness was defendant's friend, that he was in the car with defendant the entire evening prior to defendant's arrest, and that defense counsel had interviewed the witness prior to trial and had placed him on a list of witnesses he had originally intended to call. The missing witness charge was warranted as the witness had material, noncumulative knowledge and was available and within defendant's control (*see, People v Gonzalez*, 68 NY2d 424).

We have considered and rejected defendant's remaining claims. Concur—Nardelli, J. P., Ellerin, Wallach, Buckley and Friedman, JJ.