■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID JONES, Appellant. [723 NYS2d 650] —Judgment, Supreme Court, New York County (Joan Sudolnik, J.), rendered March 20, 1997, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a second violent felony offender, to a term of 10 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning credibility. Credible evidence established every element of robbery under the theory that defendant, "in the course of committing a larceny * * * threaten[ed] the immediate use of physical force upon another person for the purpose of * * * [p]reventing or overcoming resistance to the * * * retention [of the property] immediately after the taking." (Penal Law § 160.00 [1].)

In the first place, the circumstantial evidence clearly warranted the inference that defendant stole the property in question. Although the actual taking ended after defendant departed from the bus with the property, the jury could have reasonably concluded that defendant's threat to use a brick to hit a pursuing employee of the bus company, which occurred within minutes and only several blocks away, took place "so shortly after the taking as to constitute the use of physical force 'immediately after the taking' to overcome * * * resistance to the defendant's retention of the property" (*People v Dekle*, 83 AD2d 522, *affd* 56 NY2d 835). Accordingly, the use of force was also "in the course of committing a larceny" within the meaning of the statute. Furthermore, the jury could have

reasonably concluded that defendant's threat to use force was intended, at least in part, to prevent or overcome resistance to his retention of the property and was not intended solely to facilitate his escape (*see, People v Huggins*, 228 AD2d 241, *lv denied* 88 NY2d 1021).

The court properly denied various defense motions for a mistrial regarding matters that arose during jury deliberations. The record establishes that the verdict was not coerced, and that the court appropriately dealt with a deliberating juror's personal problems, gave a noncoercive *Allen* charge and other suitable supplementary instructions, and properly acceded to the jury's request, made as the jury was about to be sequestered at a hotel, for a further opportunity to reach a verdict.

Defendant's motion to dismiss the indictment on the ground that he was denied his right to testify before the Grand Jury was properly denied as untimely.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Rosenberger, J. P., Nardelli, Andrias and Saxe, JJ.