■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN M. ROBERTSON, Appellant. [861 NYS2d 492]—

Kane, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered May 11, 2007, upon a verdict convicting defendant of the crimes of robbery in the first degree and tampering with physical evidence.

Defendant stole two pairs of pants from a department store in the mall by concealing them under the clothing he was wearing. After he exited the store, store security guards followed him and kept him under surveillance as he walked through the mall, entered another store, exited the mall, reentered the first store, then exited the mall again. When two store security guards approached defendant in the parking lot upon his final exit from the mall—approximately 30 minutes after he had initially con-

cealed the pants under his clothing—he exposed himself, swung a belt at them, punched one guard in the face and attempted to eat the tags from the pants. This incident led to an indictment charging defendant with robbery in the first degree, robbery in the third degree and tampering with physical evidence. The jury convicted defendant of all charged crimes. After dismissing the count of robbery in the third degree, County Court sentenced defendant as a second felony offender.

On his appeal, defendant contends that the evidence was legally insufficient to prove that he committed a robbery. To support the charge of robbery in the first degree, the People were required to prove that defendant forcibly stole property and, in the course of *immediate flight* from the commission of the crime, he used or threatened the immediate use of a dangerous instrument (*see* Penal Law § 160.15 [3]). Forcible stealing of property occurs when a person "uses or threatens the immediate use of physical force upon another person" during the commission of a larceny for the purpose of either preventing "resistance to the taking of the property or to the retention thereof *immediately after the taking*" (Penal Law § 160.00 [1] [emphasis added]).

Resolution of this appeal hinges on the meaning of the statutory language "immediately after the taking," so as to establish a forcible stealing, and "immediate flight" from the commission of the crime. Some factors to consider on the issue of immediacy are the distance between the crime and the use of force or a dangerous instrument, the elapsed time since the actual taking of the property, whether the culprit is in possession of the fruits of the crime, whether he or she had reached a place of temporary safety and whether police, security guards or citizens were in close pursuit (*see People v Gladman*, 41 NY2d 123, 129 [1976]).

This was not a case where police or the victim confronted the culprit or gave chase directly following the culprit's taking of the property (*compare People v Carr-El*, 99 NY2d 546, 547-548 [2002]; *People v Rumrill*, 40 AD3d 1273, 1274-1275 [2007], *lv denied* 9 NY3d 926 [2007]; *People v Whitted*, 16 AD3d 905, 906 [2005], *lv denied* 4 NY3d 892 [2005]; *People v Jones*, 282 AD2d 382, 382 [2001], *lv denied* 96 NY2d 920 [2001]; *People v Brock*, 125 AD2d 401, 401 [1986], *lv denied* 69 NY2d 824 [1987]). While defendant encountered the security guards near the store, he had walked around in and out of the mall for approximately 30 minutes after taking the pants before the guards approached him and demanded return of the store's property. They had surreptitiously followed him, not making any effort to apprehend him during that time; there was no indication that defendant

was aware that he was being followed or that he attempted to evade pursuit (*compare People v Donovan*, 53 AD2d 27, 33-34 [1976]). Defendant appeared to believe that he had reached a point of temporary safety when he left the store with the stolen merchandise and continued through the mall without apprehension. Under the circumstances here, we find that defendant's use of force against the security guards to retain possession of the stolen property did not occur "immediately after the taking," nor did he swing the belt at them in the course of "immediate flight" from the commission of the crime. Although the proof was therefore legally insufficient to establish that defendant committed a robbery, the evidence was legally sufficient to establish that he committed the lesser included offense of petit larceny (*see* Penal Law § 155.25). We modify the judgment accordingly (*see* CPL 470.15 [2] [b]).*

Defendant failed to object to the prosecutor's summation, thus failing to preserve his argument that the summation deprived him of a fair trial (*see People v Dann*, 14 AD3d 795, 797 [2005], *lv denied* 4 NY3d 885 [2005]). In any event, this argument is without merit.

Defendant similarly failed to preserve his contention that he was improperly sentenced as a second felony offender, as he failed to object at sentencing (*see People v Ruffin*, 42 AD3d 582, 582 [2007], *lv denied* 9 NY3d 881 [2007]). This contention also lacks merit because County Court substantially complied with the statutory requirements (*see* CPL 400.21; *People v Ruffin*, 42 AD3d at 582; *People v Ladson*, 30 AD3d 836, 837 [2006], *lv denied* 7 NY3d 814 [2006]).

We have considered defendant's remaining arguments and find them to be without merit.

Spain, J.P., Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is modified, on the law, by reducing defendant's conviction of the crime of robbery in the first degree under count one of the indictment to petit larceny and by vacating the sentence imposed thereon, and, as so modified, affirmed.

---

* Because defendant has already been incarcerated for more than one year—the maximum allowed on this class A misdemeanor—and County Court imposed a concurrent sentence of 2 to 4 years for tampering with physical evidence, we need not remit for resentencing.