(December 18, 2008)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM TAYLOR, Appellant. [869 NYS2d 442]—

The court properly denied defendant's motion to suppress statements. Following a radio run, three police officers, defendant and the complainant were all standing together on a street. Immediately after the complainant accused defendant of stealing his wallet, an officer turned to defendant and asked "What's going on here?" Defendant replied that he was only helping the complainant to recover his wallet, which had been stolen and discarded by someone else. For several reasons, we reject

defendant's argument that the officer was required to give *Miranda* warnings before asking "What's going on here?"

First, defendant was not in custody. A reasonable innocent person in defendant's position would not have thought he was in custody (*see People v Yukl*, 25 NY2d 585 [1969], *cert denied* 400 US 851 [1970]), but rather "that the police were still in the process of gathering information about the alleged incident prior to taking any action" (*see People v Dillhunt*, 41 AD3d 216, 217 [2007], *lv denied* 10 NY3d 764 [2008]). Regardless of the questioning officer's unconveyed belief (*see Stansbury v California*, 511 US 318, 325 [1994]) that defendant was a suspect and was not free to leave, none of the officers restrained defendant or did anything to suggest to him that his freedom of movement had been restricted in any way. Second, even assuming there was a seizure, it was no more than an investigatory stop that did not require *Miranda* warnings (*see Berkemer v McCarty*, 468 US 420, 439-440 [1984]; *People v Bennett*, 70 NY2d 891 [1987]). Finally, there was no interrogation requiring warnings because the officer's simple inquiry was made to clarify the situation (*see People v Johnson*, 59 NY2d 1014 [1983]). Concur—Lippman, P.J., Tom, Buckley, Moskowitz and Renwick, JJ.