■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOEL RODRIGUEZ, Appellant. [938 NYS2d 45]—

The court properly denied defendant's motion to suppress his statement to the police. The record supports the court's finding that the statement, which defendant made prior to receiving *Miranda* warnings, was not the product of a custodial interrogation. In this street encounter near the scene of the crime, the police did not restrain defendant or do anything to convey to him that he had been taken into custody (*see People v Taylor*, 57 AD3d 327 [2008], *lv denied* 12 NY3d 860 [2009]). We reject defendant's challenge to the legal sufficiency of the evidence supporting the robbery conviction. The evidence supports the inference that when defendant threatened to beat up or kill the victim, defendant's intent was to retain possession of the cell phone he had stolen from the victim (*see People v Flag*, 2 AD3d 153 [2003], *lv denied* 1 NY3d 627 [2004]). The jury was entitled to reject the theory that defendant was merely trying to get back his own phone, which he claimed to have been stolen by the victim. The evidence also establishes that defendant made the threat immediately after stealing the victim's phone (*see People v Jones*, 282 AD2d 382 [2001], *lv denied* 96 NY2d 920 [2001]).

We find the sentence excessive to the extent indicated. Concur—Mazzarelli, J.P., Friedman, Catterson, Renwick and Román, JJ.