THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP GRANT, Appellant. [945 NYS2d 745]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Adler, J.), rendered September 18, 2006, convicting him of murder in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress certain statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant was not deprived of the effective assistance of counsel. Considering the evidence, the law, and the circumstances of this case, viewed in totality, trial counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Samms*, 83 AD3d 1099, 1100 [2011]).

The Supreme Court, after a *Huntley* hearing (*see People v Huntley*, 15 NY2d 72 [1965]), properly suppressed only one of the statements made by the defendant to law enforcement officials. The defendant's first statement, denominated as Statement No. 1 by the Supreme Court, was made by the defendant in response to a police officer's investigatory inquiry, and was not the result of custodial interrogation, since a reasonable

person in the defendant's position, innocent of any criminal wrongdoing, would not have believed that he or she was in police custody at the time he or she made the statement (*see People v Yukl*, 25 NY2d 585 [1969], *cert denied* 400 US 851 [1970]). The defendant does not challenge the admission into evidence of what was denominated by the Supreme Court as Statement No. 2, which consisted of the defendant's pedigree information.

The first part of the statement that the defendant made when he was in the back seat of a police car, denominated as Statement No. 3 by the Supreme Court, was uttered by the defendant spontaneously and voluntarily, and was not the result of an interrogation. "[V]olunteered or spontaneous statements made by suspects who were plainly in custody and had not been given the *Miranda* [*see Miranda v Arizona*, 384 US 436, 444 (1966)] warnings are admissible" (*People v Kaye*, 25 NY2d 139, 144 [1969]). To the extent that the second portion of Statement No. 3 was made in response to a police officer's question, we agree with the Supreme Court that the brief inquiry was merely intended to clarify the defendant's spontaneous statement which immediately preceded it, and did not constitute a custodial interrogation (*see People v Santiago*, 77 AD3d 422 [2010]; *People v Taylor*, 57 AD3d 327, 328 [2008]).

The defendant failed to preserve for appellate review his arguments that, in addition to suppressing what it denominated as Statement No. 4, the Supreme Court should also have suppressed, as fruit of the poisonous tree, two items of physical evidence which were discovered as a result of that statement, since he failed to raise that issue in connection with his omnibus motion or at the *Huntley* hearing (*see* CPL 470.05 [2]). In any event, both Statement No. 4 and the two items of physical evidence were admissible into evidence pursuant to the inevitable discovery exception to the exclusionary rule, which permits a court to deny the suppression of evidence if it can be shown by "a very high degree of probability that the evidence sought to be suppressed would inevitably have been discovered irrespective of the initial wrong" (*People v Stith*, 69 NY2d 313, 318 [1987] [citation and internal quotation marks omitted]).

Statements denominated by the Supreme Court as Statement Nos. 5 through 10 were all made at the police precinct station house, and Statement Nos. 6 through 10 were all made after the administration of *Miranda* warnings. Statement No. 5 was spontaneously volunteered and, thus, not subject to suppression. Moreover, the totality of the circumstances supports a finding that Statement Nos. 6 through 10 were made voluntarily and, therefore, were not subject to suppression (*see People v*

*Paulman*, 5 NY3d 122, 130-131 [2005]; *People v DeCampoamor*, 91 AD3d 669 [2012], *lv denied* 18 NY3d 993 [2012]).

We reject the defendant's speculative contention that, despite their unequivocal avowals otherwise, certain prospective jurors could not be fair and impartial. It is for the trial court, from examination of the juror, including his or her appearance and demeanor, to determine fitness and competence to serve fairly and impartially (*see People v Shulman*, 6 NY3d 1, 27 [2005], *cert denied* 547 US 1043 [2006], citing *People v Johnson*, 94 NY2d 600 [2000]; *People v Carolin*, 115 NY 658, 659 [1889]). The denial of the defendant's challenges to prospective jurors for cause was not an improvident exercise of discretion. Moreover, the Supreme Court properly curtailed the defendant's repetitive and irrelevant questioning of prospective jurors (*see* CPL 270.15 [1] [b]).

The defendant's motion to change venue from Westchester County, and his motion to have the location of the trial changed within Westchester County due to the proximity of the crime scene to the courthouse, were both properly denied (*see People v Cahill*, 2 NY3d 14, 38-39 [2003]; *People v McKenzie*, 281 AD2d 236 [2001]).

The defendant's remaining contentions are without merit. Angiolillo, J.P., Eng, Lott and Cohen, JJ., concur.