◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD J. VARGAS, Appellant. [999 NYS2d 184]—

Appeal by the defendant from a judgment of the County Court, Orange County (De Rosa, J.), rendered April 9, 2012, convicting him of driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (3), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

"The credibility determinations of a hearing court following a suppression hearing are accorded great deference on appeal, and will not be disturbed unless clearly unsupported by the record" (*People v Hobson*, 111 AD3d 958, 959 [2013]; *see People v Prochilo*, 41 NY2d 759, 761 [1977]; *People v Wilson*, 96 AD3d

980, 981 [2012]; *People v Marinus*, 90 AD3d 677 [2011]). Here, the hearing court properly found that there was reasonable suspicion to pull over the defendant's car based on the testimony of a New York State trooper that he observed the defendant commit several traffic infractions (*see People v Close*, 207 AD2d 905, 906 [1994]). Moreover, the hearing court properly found that, after the lawful stop, the trooper had probable cause to arrest the defendant for driving while intoxicated based on his appearance, the smell of alcohol that emanated from him, and his failure of each of the field sobriety tests he performed (*see People v Ball*, 141 AD2d 743, 744-745 [1988]).

Accordingly, the County Court properly permitted the People to introduce, at trial, statements that the defendant made to law enforcement officials that were made in response to the trooper's investigatory inquiry, and were not the result of custodial interrogation, or which were uttered by the defendant spontaneously and voluntarily (*see People v Grant*, 96 AD3d 779, 780 [2012]).

Contrary to the People's contention, the defendant's challenge to the County Court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) is preserved for appellate review, as "[t]he law does not require litigants to make repeated pointless protests after the court has made its position clear" (*People v Mezon*, 80 NY2d 155, 161 [1992]). However, the County Court's ruling that, if the defendant took the stand, the People could ask him about his most recent conviction for driving while intoxicated, was not an improvident exercise of discretion (*see People v Ardila*, 202 AD2d 514 [1994], *affd* 85 NY2d 846 [1995]).

The defendant was not aggrieved by the County Court's denial of his challenge to a juror for cause, since he exercised a peremptory challenge to excuse that juror and did not exhaust his peremptory challenges before jury selection was completed (*see* CPL 270.20 [2]; *People v Dicks*, 287 AD2d 517 [2001]).

The defendant's contention that the evidence was not legally sufficient to support his conviction is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Kane*, 240 AD2d 516, 517 [1997]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]; *People v Shank*, 26 AD3d 812, 814 [2006]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention is without merit. Mastro, J.P., Chambers, Sgroi and Miller, JJ., concur.