*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: April 28, 2016         106697
_____

THE PEOPLE OF THE STATE OF
   NEW YORK,
                   Respondent,

     v                              MEMORANDUM AND ORDER

KENNETH WASHINGTON,
                   Appellant.
_____


Calendar Date: March 22, 2016

Before: Lahtinen, J.P., McCarthy, Garry, Rose and Mulvey, JJ.

_____

Alexander W. Bloomstein, Hillsdale, for appellant.

Max Zacker, Special Prosecutor, Catskill, for respondent.

_____

Rose, J.

Appeal from a judgment of the County Court of Columbia County (Koweek, J.), rendered March 5, 2014, convicting defendant upon his plea of guilty of the crimes of burglary in the second degree and assault in the third degree.

Defendant pleaded guilty to burglary in the second degree and assault in the third degree as charged in a two-count indictment in accordance with a written plea agreement, and his plea included the waiver of the right to appeal. County Court thereafter sentenced defendant, as a second violent felony offender, to the agreed-upon sentence of seven years in prison, to be followed by five years of postrelease supervision. Defendant now appeals.

We affirm. Initially, in view of County Court's failure to distinguish the right to appeal from the rights automatically forfeited upon a plea of guilty, defendant's waiver of the right to appeal was invalid (see People v Bradshaw, 18 NY3d 257, 264-265 [2011]; People v Lopez, 6 NY3d 248, 256 [2006]). Accordingly, defendant's challenge to the sentence as harsh and excessive is not precluded.[1] Nevertheless, his claim is without merit, inasmuch as County Court imposed the minimum legally permissible sentence for a second violent felony offender convicted of burglary in the second degree, a class C felony (see Penal Law §§ 70.04, 140.25; People v Caban, 89 AD3d 1321, 1323 [2011]).

Lahtinen, J.P., McCarthy, Garry and Mulvey, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court

---

[1] To the extent that defendant argues that he was improperly sentenced as a second violent felony offender, the argument is unpreserved, inasmuch as he did not raise any objection to the predicate felony statement at sentencing (see People v McDowell, 56 AD3d 955, 955 [2008]; People v Robertson, 53 AD3d 791, 793 [2008], lv denied 11 NY3d 857 [2008]).