■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KWAMIE MITCHELL, Appellant. [50 NYS3d 874]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J., at suppression hearing; Juan M. Merchan, J., at jury trial and sentencing), rendered September 16, 2011, convicting defendant of four counts of robbery in the second degree and two counts of assault in the third degree, and sentencing him to an aggregate term of 16 years, unanimously affirmed.

The court properly denied defendant's suppression motion. The hearing evidence established the voluntariness of defendant's statements, which followed *Miranda* warnings and waivers, and which were not accompanied by any coercive circumstances (*see generally Arizona v Fulminante*, 499 US 279, 285-288 [1991]; *People v Anderson*, 42 NY2d 35, 38-39 [1977]). There is no evidence that anything coercive occurred during the overnight and morning periods during which defendant was lodged at a police station before the investigating detective administered the warnings and began the interrogation. Although the People bear the burden of establishing that defendant's statements were voluntary, "[t]his does not mean . . . that [they] are mandated to produce all police officers who had contact with the defendant from arrest to the time that the challenged statements were elicited" (*People v Witherspoon*, 66 NY2d 973, 974 [1985]).

The court providently exercised its discretion in denying defendant's mistrial motion, made after a deadlock note, where the jury had only been deliberating for about seven hours in a fairly lengthy trial, and had repeatedly requested readbacks and reinstruction on elements (*see People v Hardy*, 26 NY3d 245 [2015]). Defendant did not preserve his argument that the court should have made an inquiry into the genuineness of the deadlock, or his challenge to the court's supplemental instructions, and we decline to review these claims in the interest of justice. As an alternative holding, we reject them on the merits.

We perceive no basis for reducing the sentence. Concur—Friedman, J.P., Sweeny, Renwick, Andrias and Manzanet-Daniels, JJ.