People v Dudley (2019 NY Slip Op 01427)





People v Dudley


2019 NY Slip Op 01427


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
BETSY BARROS, JJ.


2017-00148
 (Ind. No. 40/14)

[*1]The People of the State of New York, respondent,
v
Brian Dudley, appellant.


Andrew E. MacAskill, Westbury, NY, for appellant, and appellant pro se.
Madeline Singas, District Attorney, Mineola, NY (Donald Berk and Laurie K. Gibbons of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Philip M. Grella, J.), rendered December 5, 2016, convicting him of manslaughter in the second degree, driving while intoxicated in violation of Vehicle and Traffic Law § 1192(2), and aggravated unlicensed operation of a motor vehicle in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Teresa K. Corrigan, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements he made to law enforcement officials.
ORDERED that the judgment is affirmed.
On December 28, 2013, the defendant struck and killed a pedestrian who was walking across Elmont Road in Elmont. Evidence was adduced at the trial that, at the time of the incident, the defendant was driving while intoxicated, with a suspended licence, and in excess of the posted speed limit. After a jury trial, the defendant was convicted of manslaughter in the second degree, driving while intoxicated in violation of Vehicle and Traffic Law § 1192(2), and aggravated unlicensed operation of a motor vehicle in the third degree.
We agree with the Supreme Court's determination to deny those branches of the defendant's omnibus motion which were to suppress physical evidence and statements he made to law enforcement officials. Contrary to the defendant's contention, there was probable cause to arrest the defendant for driving while intoxicated based on, inter alia, the hearing testimony of police officers regarding the defendant's appearance, the smell of alcohol that emanated from him, and his failure to pass field sobriety tests (see People v Depinto, 124 AD3d 677; People v Vargas, 123 AD3d 1149, 1150; People v Tieman, 112 AD3d 975, 976; People v Shaffer, 95 AD3d 1365, 1366).
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to the count of manslaughter in the second degree (see Penal Law § 125.15[1]) was not against the weight of the [*2]evidence (see People v Romero, 7 NY3d 633).
The defendant's remaining contentions, raised in his pro se supplemental brief, are without merit.
RIVERA, J.P., CHAMBERS, COHEN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court