People v Beaupre (2019 NY Slip Op 02107)





People v Beaupre


2019 NY Slip Op 02107


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-05580
 (Ind. No. 145/16)

[*1]The People of the State of New York, respondent,
v
Michael John Beaupre, appellant.


Bruce A. Petito, Poughkeepsie, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered May 12, 2017, convicting him of driving while intoxicated in violation of Vehicle and Traffic Law § 1192(2) and driving while intoxicated in violation of Vehicle and Traffic Law § 1192(3), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials, the results of a field sobriety test, evidence of law enforcement officials' observations of him, and the results of a breathalyzer test.
ORDERED that the judgment is affirmed.
We agree with the County Court's denial of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials, the results of a field sobriety test, evidence of law enforcement officials' observations of him, and the results of a breathalyzer test, made on the ground that law enforcement officials did not have probable cause to stop his vehicle and then arrest him for driving while intoxicated. The People met their burden of establishing the legality of the initial traffic stop through the testimony of Police Officer Jason Fasano that he observed that the taillights on the defendant's vehicle were inoperable as the defendant drove past him on the road at 9:45 p.m. (see People v Robinson, 97 NY2d 341, 347; People v Wyatt, 153 AD3d 1371, 1372; People v Vargas, 123 AD3d 1149; People v White, 40 AD3d 535). Officer Fasano's failure to issue a traffic ticket for the infraction presented a credibility determination for resolution by the hearing court. Contrary to the defendant's contention, there is no basis in the record to disturb the hearing court's determination that Officer Fasano's testimony was credible (see People v Chambers, 18 AD3d 571). Moreover, as the hearing court found, the testimony of Officer Fasano and of Police Officer Gregory Drobot, who arrested the defendant, that the defendant smelled of alcohol, had glassy and bloodshot eyes, and failed all three of the field sobriety tests administered, was sufficient to provide probable cause to arrest the defendant for driving while intoxicated (see People v Johnson, 140 AD3d 978; People v Farnsworth, 134 AD3d 1302; People v Depinto, 124 AD3d 677; People v Vargas, 123 AD3d 1149; People v Tieman, 112 AD3d 975).
The defendant's contention that his convictions are not supported by legally sufficient [*2]evidence is unpreserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of driving while intoxicated in violation of Vehicle and Traffic Law § 1192(2) and driving while intoxicated in violation of Vehicle and Traffic Law § 1192(3), beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt is not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's specific contentions regarding the County Court's Sandoval ruling (see People v Sandoval, 34 NY2d 371) are unpreserved for appellate review (see People v Hawkins, 11 NY3d 484, 494; People v Lee, 165 AD3d 838). In any event, the court's Sandoval ruling reflects an appropriate balancing of the probative value of the defendant's prior convictions against the risk of unfair prejudice to the defendant (see People v Seymour, 77 AD3d 976).
The defendant's contention that the County Court erred in permitting Officer Drobot to give testimony regarding the horizontal gaze nystagmus field sobriety test (hereinafter the HGN test) without evidence of its acceptance in the scientific community is unpreserved for appellate review (see CPL 470.05[2]). In any event, there was no error. "Such tests have been found to be accepted within the scientific community as a reliable indicator of intoxication and, thus, a court may take judicial notice of the HGN test's acceptability" (People v Tetrault, 53 AD3d 558, 559 [internal citation marks omitted]).
The defendant's contention that a certain comment made by the prosecutor in summation improperly vouched for the credibility of Officer Fasano is unpreserved for appellate review (see CPL 470.05[2]). In any event, the challenged comment was not improper. The prosecutor expressed no personal opinion regarding Officer Fasano's veracity, and the remark was properly responsive to defense counsel's summation, in which she attacked Officer Fasano's credibility (see People v Morrow, 143 AD3d 919, 921; People v Thomas, 186 AD2d 602, 603).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim" of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). As the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
Finally, contrary to the defendant's contention, the County Court's response to a particular jury note, that the jury should not consider whether the police had probable cause to effect the initial stop of the defendant's vehicle, was meaningful (see People v Malloy, 55 NY2d 296, 301-302; People v Arce, 70 AD3d 1196; see also Steele v United States, 267 US 505, 511).
MASTRO, J.P., DUFFY, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court