The People of the State of New York, Respondent, 
against
Clifford Ampah, Defendant-Appellant.




Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Ann E. Scherzer, J.), rendered July 29, 2016, after a jury trial, convicting him of driving while intoxicated, and imposing sentence.




Per Curiam.
Judgment of conviction (Ann E. Scherzer, J.), rendered July 29, 2016, affirmed.
The accusatory instrument charging driving while intoxicated (see Vehicle and Traffic Law § 1192[3]) was not jurisdictionally defective. The instrument recited that defendant operated a motor vehicle at an excessive speed, that he had watery eyes and an odor of an alcohol on his breath, that there was a cup containing white wine on the floor of the backseat of the vehicle and a bottle of wine on the center console, and that defendant refused to submit to a breath test (see People v Fiumara, 116 AD3d 421 [2014], lv denied 23 NY3d 1036 [2014]). 
The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (see People v Prochilo, 41 NY2d 759, 761 [1977]). Police had probable cause to arrest defendant, since he had watery eyes, smelled of alcohol, spoke with his mouth closed while looking away from the officers, had two containers containing a "yellow, greenish" liquid inside the car, and had been speeding (see People v Dudley, 169 AD3d 1059, 1060 [2019], lv denied 33 NY3d 1068 [2019]; People v Vargas, 123 AD3d 1149, 1150 [2014]; People v Thomas, 68 AD3d 482, 483 [2009], lv denied 14 NY3d 806 [2010]). 
The court also properly denied defendant's motion to suppress testimony of his refusal to take a breathalyzer test. The record supports the court's finding that defendant effectively refused the test by "acting in an obstructionist manner" by refusing to give a "yes or no" response to the officer's multiple requests that he take such test (see People v Smith, 18 NY3d 544, 550 [2012]; People v Lizaldo, 124 AD3d 432, 433 [2015], lv denied 26 NY3d 931 [2015]; see also People v Warren, 160 AD3d 1132, 1136 [2018], lv denied 31 NY3d 1154 [2018]). 
The verdict was supported by legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility (see People v Danielson, 9 NY3d 342, 348—349 [2007]). In addition to the officer's testimony that defendant exhibited classic signs of intoxication, he refused to take a breath test, unsatisfactorily performed physical coordination tests, and the toxicology report confirmed that the bottle recovered from the center console of his vehicle contained alcohol (see People v Cruz, 48 NY2d 419 [1979], appeal dismissed 446 US 901 [1980]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 26, 2020