People v Jimenez (2022 NY Slip Op 50195(U))

[*1]

People v Jimenez (Carlos)

2022 NY Slip Op 50195(U) [74 Misc 3d 133(A)]

Decided on March 15, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 15, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Brigantti, Hagler JJ.

570046/15

The People of the State of New York,
Respondent,
against
Carlos Jimenez, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Gilbert C. Hong, J.), rendered December 8, 2014, convicting him, upon his plea of
guilty, of driving while intoxicated, and imposing sentence.

Per Curiam.
Judgment of conviction (Gilbert C. Hong, J.), rendered December 8, 2014, affirmed.
The court properly denied defendant's suppression motion. There is no basis for disturbing
the court's credibility determinations, which are supported by the record (see People v
Prochilo, 41 NY2d 759, 761 [1977]). Police had probable cause to arrest the defendant,
since he had been speeding before running through two red lights, had bloodshot eyes, slurred
speech, a strong odor of alcohol on his breath, and admitted that he was "coming from a party"
and had "a couple of beers" (see People v Dudley, 169 AD3d 1059, 1060 [2019], lv
denied 33 NY3d 1068 [2019]; People v Vargas, 123 AD3d 1149, 1150 [2014];
People v Thomas, 68 AD3d 482, 483 [2009], lv denied 14 NY3d 806 [2010]).
The record also supports the finding that the aforementioned statements, made as defendant
stepped out of the vehicle, as requested by the officers, were spontaneous, freely volunteered
utterances that were unprompted by any police interrogation or the functional equivalent thereof,
and, as such, were admissible (see People v Hightower, 154 AD3d 636 [2017]; People
v Mitchell, 149 AD3d 653, 654 [2017], lv denied 29 NY3d 1131 [2017]; People v
Grant, 96 AD3d 779, 780 [2012], lv denied 19 NY3d 1026 [2012]).
Contrary to defendant's contention, the People's burden at a hearing generally does not
extend to calling additional witnesses, specifically the arresting officer's partner, merely to rule
out theoretical bases for suppression that lack any "bona fide factual predicate" (People v
Witherspoon, 66 NY2d 973, 974 [1985]; see People v Morales, 77 AD3d 482 [2010],
lv denied 15 NY3d 954 [2010]). 
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: March 15, 2022