People v Bernardez (2023 NY Slip Op 51203(U))

[*1]

People v Bernardez (Jose)

2023 NY Slip Op 51203(U)

Decided on November 17, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 17, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Tisch, J.

22-093

The People of the State of New York, Respondent,
against
Jose Bernardez, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Leslie A. Stroth, J., at suppression hearing; Bahaati E. Pitt, J., at trial and sentencing), rendered June 17, 2019, convicting him, after a jury trial, of driving while intoxicated per se, and imposing sentence.

Per Curiam.
Judgment of conviction (Leslie A. Stroth, J., at suppression hearing; Bahaati E. Pitt, J., at trial and sentencing), rendered June 17, 2019, affirmed.
The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (see People v Prochilo, 41 NY2d 759, 761 [1977]). The stop of defendant's vehicle was justified by the police officer's observation that defendant had committed a traffic infraction (see People v Hinshaw, 35 NY3d 427 [2020]), namely, pulling out of a parking space without signaling (see Vehicle and Traffic Law § 1163[d]), and nearly causing a collision with another vehicle. The defendant's watery eyes, odor of alcohol on his breath, and admission that he drank wine and beer provided probable cause for his arrest for driving while intoxicated (see People v Dudley, 169 AD3d 1059, 1060 [2019], lv denied 33 NY3d 1068 [2019]; People v Vargas, 123 AD3d 1149, 1150 [2014]; People v Thomas, 68 AD3d 482, 483 [2009], lv denied 14 NY3d 806 [2010]).
The verdict convicting defendant of driving while intoxicated per se was not against the weight of the evidence, which established that defendant operated a motor vehicle while having a blood alcohol content of .10%, as measured by the Intoxilyzer 9000 (see Vehicle and Traffic Law § 1192[2]; People v DeMarasse, 85 NY2d 842, 845 [1995]; People v Mertz, 68 NY2d 136, 139 [1986]). Although defendant points to evidence indicating that he drove well and passed coordination tests, the crime of which he was convicted is based on a blood alcohol content of ".08 of one per centum or more" (VTL §1192[2]), "regardless of the quality of [his] driving (or lack thereof) or other outward indications of intoxication or even impairment" (Larry Cunningham, Prac Commentaries, McKinney's Cons Laws of NY, Vehicle and Traffic Law § 1192).
The trial court providently exercised its discretion in precluding defendant from [*2]presenting expert testimony that xylene could have interfered with the Intoxilyzer 9000 measure of defendant's blood alcohol content. The admissibility and limits of expert testimony lie primarily in the sound discretion of the trial court (see People v Lee, 96 NY2d 157, 162 [2001]), and here we find no improvident exercise of discretion. The expert's proposed testimony was not based on personal knowledge or accepted scientific principles, and the expert did not know anything about defendant's occupational setting, the circumstances under which he may have been exposed to xylene, or the amount of xylene that may have been on defendant's breath on the day of arrest. Thus, the court properly concluded that the testimony would be "misleading, vague, and purely speculative." Accordingly, there was no violation of defendant's right to present a defense (see Crane v Kentucky, 476 US 683, 689—690 [1986]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: November 17, 2023