People v Coates (2024 NY Slip Op 51258(U))

[*1]

People v Coates (Jermel)

2024 NY Slip Op 51258(U)

Decided on September 12, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 12, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Tisch, JJ.

570736/17

The People of the State of New York, Respondent, 
against
Jermel Coates, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Linda Poust Lopez, J., at suppression motion; Harold Adler, J., at trial and sentencing), rendered August 9, 2017, convicting him, after a jury trial, of aggravated driving while intoxicated per se, and imposing sentence.

Per Curiam.
Judgment of conviction (Linda Poust Lopez, J., at suppression motion; Harold Adler, J., at trial and sentencing), rendered August 9, 2017, affirmed.
The suppression court, adopting the findings of fact and conclusions of law made by a judicial hearing officer, properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (see People v Hill, 216 AD3d 551 [2023], lv denied 40 NY3d 934 [2023]). Defendant's watery eyes, odor of alcohol on his breath, unsteadiness on his feet, and admission that he had been drinking provided probable cause for his arrest for driving while intoxicated (see People v Dudley, 169 AD3d 1059, 1060 [2019], lv denied 33 NY3d 1068 [2019]; People v Vargas, 123 AD3d 1149, 1150 [2014]; People v Thomas, 68 AD3d 482, 483 [2009], lv denied 14 NY3d 806 [2010]).
We reject defendant's contention that the arresting officer's testimony was patently tailored to meet constitutional objections. Since we do not find the officer's testimony to be manifestly untrue, contrary to common experience, self-contradictory, or tailored, we decline to disturb the conclusion that the testimony was credible (see People v Garland, 155 AD3d 527, 529 [2017], affd 32 NY3d 1094 [2018], cert denied — US &mdash, 140 S Ct 2525 [2020]). "[M]uch weight must be accorded the determination of the suppression court with its peculiar advantages of having seen and heard the witnesses" (People v Prochilo, 41 NY2d 759, 761 [1977]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 12, 2024