People v Bah (2024 NY Slip Op 05293)

People v Bah

2024 NY Slip Op 05293

Decided on October 24, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 24, 2024

Before: Kern, J.P., Moulton, Scarpulla, Rodriguez, Michael, JJ. 

Ind No. 3304/17, 59/18 Appeal No. 2896 Case No. 2019-5232 

[*1]The People of the State of New York, Respondent,
v
Ibrahim Bah, Defendant-Appellant. 

Twyla Carter, The Legal Aid Society, New York (Katheryne M. Martone of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Hunter Baehren of counsel), for respondent.

Judgment, Supreme Court, New York County (Erika Edwards, J.), rendered April 11, 2019, convicting defendant, after a jury trial, of robbery in the second degree, and upon his plea of guilty, of burglary in the third degree, and sentencing him to concurrent terms of five years plus five years of postrelease supervision, and 2½ to 5 years, respectively, unanimously affirmed.
Defendant's claim that he was convicted based on legally insufficient evidence that he intended to steal is unpreserved (see People v Gray, 86 NY2d 10 [1995]), and we decline to reach it in the interest of justice. As an alternative holding, we find that the evidence of defendant's intent was legally sufficient, and the verdict was not against the weight of the evidence. A reasonable juror could have found beyond a reasonable doubt from the evidence submitted at trial that defendant was an accomplice in the robbery of the backpack. The evidence included the victim's testimony that defendant responded with threats to as many as 10 requests by the victim for his backpack and intended to aid his friend in the theft of the backpack. Further, defendant's conduct in trying to push the victim out of the train while his friend remained inside the train with the victim's backpack supports an inference of defendant's intent to separate the victim from his property (see e.g. People v Bacote, 107 AD3d 641 [1st Dept 2013], lv denied 21 NY3d 1072 [2013]; People v Rodriguez, 92 AD3d 425 [1st Dept 2012], lv denied 19 NY3d 966 [2012]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 24, 2024